Opinion by
Woodside, J.,
The claimant in this unemployment compensation case was denied benefits by the bureau, referee, and the board because his unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature. See Unemployment Compensation Law, §402(b) (1), as amended, 43 PS §802(b) (1).
On Friday, September 14, 1962, the claimant, a carpenter layout man, attempted to secure an increase in his hourly wage rate from $2.60 to $3.00 by threatening to quit if it was not granted. The employer failed to agree to the increase. When the claimant did not report to work the following week, another employe was assigned to his job. On Wednesday the employer contacted the claimant concerning his back pay, and at that time he offered to return at his former wage, but as he had already been replaced, this offer was rejected.
Under these facts, the board was justified in finding that he voluntarily terminated his employment without a compelling and necessitous reason. Dissatisfaction with wages is not a compelling and necessitous reason for terminating employment: Keisling Unemployment Compensation Case, 198 Pa. Superior Ct. 345, 181 A. 2d 717 (1962); Goldstein Unemployment Compensation Case, 181 Pa. Superior Ct. 255, 124 A. 2d 401 (1956); McGuire Unemployment Compensation Case, 169 Pa. Superior Ct. 467, 82 A. 2d 324 (1951).
Decision affirmed.