## Pfafman v. Unemployment Compensation Board of Review.

Argued January 11, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Eric L. Lilian,* with him *James Tarman* and *Vito N. Pisciotta,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 5, 1973:

Louis A. Pfafman (claimant) retired on March 5, 1971 and receives a monthly pension of $425.00 from the United States Government. Claimant had been employed as a civilian worker at the Philadelphia Naval Shipyard. To supplement his retirement income, claimant went to work on March 16, 1971, as a desk clerk at the Country Squire Motor Inn Motel. After working *three days* he quit his employment and offered three reasons for so doing. Claimant stated that (1) his

compensation was inadequate and he had not received the gratuities he had expected; (2) being required to work weekends was objectionable since he and his wife enjoyed weekends for themselves; and (3) he was suspicious that some of the couples registering at the motel were not married to each other and he, by registering and assigning them to a room, would be guilty of assisting them in violation of the criminal law.

Claimant's application for unemployment compensation was denied by the Bureau of Employment Security and the Referee because his unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. [1937] 2897, as amended, 43 P.S. §802(b)(1). The Board of Review disallowed an appeal under the provisions of Section 502, 43 P.S. §822. This appeal followed and we affirm the Board of Review.

Whenever one becomes unemployed by a voluntary termination of his work, he assumes the burden of showing that such termination was with cause of a necessitous and compelling nature, *Domico Unemployment Compensation Case,* 198 Pa. Superior Ct. 327, 181 A. 2d 731 (1962). Claimant had past work experience as a room clerk at a hotel and we consider his employment here to be "suitable work" under the holding of *Shay Unemployment Compensation Case,* 424 Pa. 287, 227 A. 2d 174 (1967). Dissatisfaction with wages is not a compelling and necessitous reason for voluntary termination of employment when determining unemployment compensation eligibility. *Erickson Unemployment Compensation Case,* 202 Pa. Superior Ct. 248, 195 A. 2d 849 (1963). The inconvenience to claimant of working weekends and his unsupported suspicions concerning motives of the guests registering at the motel were likewise not reasons of a compelling and

necessitous nature to justify his voluntary termination of his employment.

Order affirmed.