Joseph P. Arculin, Appellant, *v.* Commonwealth of Pennsylvania Unemployment Compensation Board of Review, Appellee.

Argued January 11, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Gerald E. Ruth,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, January 30, 1974:

The issue in this unemployment compensation case is whether the unemployment of the appellant, Joseph Arculin, came about by action of his employer or was

due to his "voluntarily leaving work without cause of a necessitous and compelling nature." If the latter, he is not entitled to compensation by Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. [1937] 2897, 43 P.S. §802(b)(1).

Mr. Arculin, 62 years of age and now receiving Social Security retirement benefits, had worked for Murray Equipment Co. as a production worker for about three months when his physicians advised that he undergo a hernia operation. His last day of work was August 7, 1972. He was operated upon the following day. On October 18, 1972 he departed on a European holiday which he had planned before going to work for Murray. On November 11, 1972, by telephone, Mr. Arculin advised Murray of his availability for resumed employment and was told that there was then no position for him.

The testimony of the claimant and his employer concerning the conversation between them on the occasion of the claimant's leaving is conflicting. Mr. Arculin testified that he told his employer that he would return after an indefinite period of recuperation. The employer testified that he asked the claimant if the latter would return to work and received a negative answer. This simple issue of fact was resolved by the referee and the Board of Review against the claimant and compensation was denied.

Section 510 of the Unemployment Compensation Law, 43 P.S. §830, provides that "the findings of the board, or the referee, as the case may be, as to the facts, if supported by competent evidence and in the absence of fraud, shall be conclusive. . . ." The referee's finding, adopted by the Board, that the claimant quit his employment as an exercise of personal preference was fully supported by the employer's testimony. Its acceptance as the foundation for a finding was solely for the compensation authorities. *Philadelphia Coke Divi-*

*sion, Eastern Associated Coal Corporation v. Unemployment Compensation Board,* 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972).

Order affirmed.