Agnes T. Stalc, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued March 8, 1974, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Agnes T. Stalc,* appellant, for herself.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 18, 1974:

Agnes T. Stalc (claimant) was employed part-time as a cashier-hostess by Truck Stops, Inc. in Clearfield. She apparently worked from 26 to 40 hours per week. On September 11, 1972, she was working as cashier when another employee came in and relieved her. Al-

though it appeared that this other employee had not been scheduled to work that day, the employer had failed to so notify her. The claimant, however, believed that the unexpected presence of this other employee indicated that she was being laid-off, and therefore, she asked to see the manager in his office. He testified that he attempted to explain to the claimant how the mix-up in schedules had occurred but was unsuccessful. He also testified that he told the claimant that he would like her to work a full 40 hour week, partly as a waitress and partly as a cashier, but possibly at a different shift than she then was working. The claimant still testified that she understood she was being placed on part-time work, which she couldn't afford, and that this was a polite attempt to lay her off. She, therefore, left work and did not return. The manager testified that there was still work for the claimant. Her claim for unemployment compensation benefits was denied by the Bureau of Employment Security, by a referee and finally by the Unemployment Compensation Board of Review (Board).

Section 402(b)(1) of the Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess., P. L. (1937) 2897, 43 P.S. §802(b)(1), provides that: "An employee shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." A person becoming unemployed because of a voluntary termination then assumes the burden of showing that such termination was with cause of a necessitous and compelling nature. *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A. 2d 181 (1973).

The testimony of the claimant and the manager are to some extent conflicting, but this is an issue of fact

for the referee and the Board to determine, and the acceptance of the manager's testimony as a basis for the findings of fact was a matter solely for them to decide. *Arculin v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 539, 314 A. 2d 360 (1974). Upon reviewing the record in this light, we must note that there is substantial evidence to support the findings of the referee and the Board that the claimant had quit her job without cause of a necessitous and compelling nature. We must, of course, affirm the findings and decision of the referee or the Board, as the case may be, when they are supported by substantial evidence and absent an error of law or a showing of fraud. *Tollari v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 589, 309 A. 2d 833 (1973).

Even if the possibility existed that the claimant might have to work a different shift, dissatisfaction with a change in shift does not constitute cause of a necessitous and compelling nature for a voluntary termination from work. *Cook Unemployment Compensation Case,* 194 Pa. Superior Ct. 652, 169 A. 2d 594 (1961). And, of course, dissatisfaction with wages and the inconvenience of working hours are also not reasons of a necessitous and compelling nature to justify a voluntary termination of employment. *Cf. Pfafman v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 197, 300 A. 2d 295 (1973).

For the above reasons, therefore, we issue the following

ORDER

Now, April 18, 1974, the order of the Unemployment Compensation Board of Review dismissing the claim of Agnes T. Stalc is hereby affirmed.