Camille A. Dalesandro, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee

Argued January 9, 1975, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*O. Randolph Bragg,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 3, 1975:

In this unemployment compensation case, Camille A. Dalesandro (appellant) appeals from an order of the Unemployment Compensation Board of Review (Board), affirming a referee's denial of her application for unemployment compensation benefits.

Appellant had been employed as a switchboard operator and bookkeeper for about twenty months by Susan Lee, Inc. (employer). In October of 1973, approximately two weeks prior to appellant's last day of work, her employer made a change in the work routine which increased the amount of work required of appellant. Appellant informed her employer that the change in procedure was overburdening her and requested that the change be rescinded. The employer refused and, on November 2, 1973, appellant left her job never to return.

A referee denied appellant's application for compensation under Section 402 (b) (1) of the Unemployment Compensation Law.[1] This section provides that "[a]n employee shall be ineligible for compensation for any week— . . . . "(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

Since appellant voluntarily quit her employment, she is disqualified under the above provision unless she proves that her resignation was *with* cause of a necessitous and compelling nature. *Borman v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 241, 316 A. 2d 679 (1974).

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802 (b) (1).

Appellant attempted to carry this burden by alleging that she resigned because of poor health. *See Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A. 2d 181 (1973). The referee did not accept appellant's evidence offered in support of this contention and found instead that appellant left work because she was dissatisfied with her increased work load under the employer's new procedures. Our review of the record compels the conclusion that the referee's decision was proper.

While it is true that appellant offered a letter from her doctor dated December 28, 1973 (almost two months after her separation), stating, "The above named patient has terminated her employment due to an anxiety neurosis," this evidence was inconsistent with other evidence presented at the referee's hearing; namely, (1) appellant's statement on her original application for benefits that her reason for leaving was "[t]oo much work pushed on me," (2) appellant's failure to cite health reasons on her Summary of Interview form, and (3) appellant's only vague reference to a nervous condition on her appeal to the referee.

This inconsistency of the evidence as to the reason for appellant's resignation forced the referee and the Board, as the fact finders, to decide which evidence was more credible. The issue was resolved against appellant and we are bound by this decision since the credibility of the witnesses and the weight of their testimony are for the fact finder's determination. *See Pellegrino v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 486, 303 A. 2d 875 (1973).

In conclusion, we have carefully reviewed the record, and we conclude that appellant failed to meet her burden of proving that her resignation was with cause of a necessitous and compelling nature. We also conclude that the findings of the referee are supported by substantial evidence and adequately support the legal conclusion that

appellant is ineligible to receive compensation under Section 402 (b) (1).[2]

Therefore, we issue the following

### ORDER

AND NOW, this 3rd day of March, 1975, the order of the Unemployment Compensation Board of Review denying the claim of Camille A. Dalesandro is hereby affirmed.

---

2. Dissatisfaction with work conditions does not constitute the required necessitous and compelling reason which would permit the grant of compensation benefits. *Knox v Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 588, 317 A. 2d 60 (1974).