Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania, v. Henry I. Holtz, Appellant.

Argued May 8, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Henry I. Holtz,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, May 28, 1975:

The facts in this appeal from the disallowance of benefits under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1) by the Bureau of Employment Security, the referee and the Unemployment Compensation Board of Review are not in dispute. Indeed, all the significant facts are stated in what appears to be claimant-appellant's own handwriting on the Summary of Interview form signed by him, as follows:

> "I gave 2 weeks notice of resigning because I was dissatisfied with working conditions, employer-employee relations and pay-review for salary increases, etc. On Friday May 3 (end of 1st week of notice) at 4:00 P.M. (work ends at 4:30) my boss told me to pack up my equipment and leave."

The critical dates here involved are: *April 30, 1974,* when claimant-appellant resigned, effective approximately 2 weeks later, *i.e.,* May 10, 1974; *May 3, 1974,* when he was notified by his employer that he should leave that day; and *May 13, 1974,* when he applied for benefits. It is most significant that claimant-appellant first applied for benefits *after* the effective date of his resignation. Certainly at that time, it is uncontradicted that he was

unemployed because he resigned. Therefore, the burden was on him to show that his resignation was for a cause of "a necessitous and compelling nature." Unemployment Compensation Law, Section 402(b)(1), 43 P. S. §802 (b)(1). *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A. 2d 181 (1973).

This Court has considered the question and ruled specifically that dissatisfaction with wages does not constitute a reason of a necessitous and compelling nature. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974).

With regard to claimant-appellant's dissatisfaction with his working conditions, it is quite clear that the conditions had been the same since his date of employment some five years before. The Board found specifically that the working conditions were not such as would furnish claimant-appellant with necessitous and compelling cause to quit his job. A review of this brief record amply supports this finding. Judge CRUMLISH, in his recent opinion for this Court in *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 451, 327 A.2d 199, 201 (1974), stated:

> "By voluntarily accepting a job which he subsequently quits, a claimant has admitted to its initial suitability with respect to wages and conditions of employment; and this evidence must be overcome by evidence of a change in conditions of employment or that the claimant was deceived as to or not aware of the conditions later alleged to be onerous when he entered the employment relationship."

Accordingly, we enter the following

### ORDER

Now, May 28, 1975, the order of the Unemployment Compensation Board of Review, dismissing the appeal of Henry I. Holtz, is affirmed.