Guenther Nolte *v.* Unemployment Compensation
Board of Review of the Commonwealth of Penn-
sylvania. Guenther Nolte, Appellant.

Argued April 9, 1976, before Judges CRUMLISH, JR.,
MENCER and ROGERS, sitting as a panel of three.

*Guenther Nolte,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General, with
him *Sydney Reuben,* Assistant Attorney General, and
*Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 19, 1976:

Guenther Nolte has appealed from an order of the Unemployment Compensation Board of Review affirming a referee's denial of his application for unemployment compensation benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law[1] which provides that "[A]n employee shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

The claimant was employed as a stock manager by K-Mart, a merchandiser, from September 30, 1974 until April 9, 1975. He quit his job because he believed that he was overworked, not provided sufficient help and denied sufficient overtime work. These unfavorable conditions seem to have coincided with the arrival of claimant's new supervisor. The employer's representative testified that several helpers provided the claimant proved to be unreliable but asserted that the store attempted to furnish interim help on these occasions. The same witness also testified that the claimant was denied overtime only to the extent that his weekly time was reduced from 55 or 56 hours to 48 hours, which still gave eight hours of overtime. The referee found that the claimant had voluntarily left work due to "personality" differences with his supervisor, overall dissatisfaction with working conditions, and unhappiness with the allocation of overtime by his supervisor. These findings, which are supported in the record, justified the denial of benefits.

The claimant having voluntarily quit his employment, was subject to disqualification under Section 402(b)(1), 43 P.S. §802(b)(1), unless he proved that his resignation was with cause of a necessitous and compelling

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

nature. *Dalesandro v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 482, 333 A.2d 479 (1975). Mere dissatisfaction with working conditions is not necessitous and compelling cause for voluntarily leaving employment. *Unemployment Compensation Board of Review v. Tune,* 23 Pa. Commonwealth Ct. 201, 350 A.2d 876 (1976) ; *Knox v. Commonwealth,* 12 Pa. Commonwealth Ct. 588, 317 A.2d 60 (1974).

ORDER

AND NOW, this 19th day of May, 1976, the order of the Unemployment Compensation Board of Review denying the claim of Guenther Nolte is hereby affirmed and this appeal dismissed.