Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Annetta Jane Lego, Appellant.

Argued March 5, 1976, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*James T. Marnen,* with him *Stephen A. Tetuan,* and *Silin, Eckert, Burke, Siegel & Roseman,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Crumlish, Jr., May 21, 1976:

The critical issue in this appeal from the decision and order of the Unemployment Compensation Board of Review is whether Annetta Jane Lego (Claimant) voluntarily quit her employment with cause of a necessitous and compelling nature.[1]

It is undisputed Claimant voluntarily quit, and it is alleged she did so because she was physically incapable of continuing in her job.[2] Since she voluntarily terminated her employment, the burden rests upon her to show cause of a necessitous and compelling nature. *Unemployment Compensation Board of Review v. Holtz,* 19 Pa. Commonwealth Ct. 316, 338 A.2d 316 (1975).

Where, as here, she did not consult a physician, her unsupported statement that the work adversely affected her health is insufficient, of itself, to establish good cause for leaving. *Taylor v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 391, 338 A.2d 702 (1975). Further, we note that her physician's statement obtained after she quit is of little evidentiary value unless the letter explains and supports the reasons as they existed as of that date, since the letter of Claimant's physician does not adequately explain and buttress the health reasons as they existed on the date of her termination,[3] and having carefully reviewed the record, we conclude there is substantial evidence of record to support the Board's decision and order. *See Elshinnawy*

---

1. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

2. Claimant suffered a gunshot wound in her left foot in 1951. As a result of this incident, she wore a special canvas shoe while working. Even with the aid of this shoe, it is alleged she was physically incapable of continuing her job.

3. There is no evidence of record that Claimant sought medical advice during the period of employment in question.

*v. Commonwealth,* 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974). Under these circumstances, we are under a duty to affirm the Board. Therefore, we

ORDER

AND NOW, this 21st day of May, 1976, the decision and order of the Unemployment Compensation Board of Review denying Annetta Jane Lego benefits is affirmed.