Hayden McGuire, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued May 6, 1976, before President Judge Bow-
MAN and Judges MENCER and ROGERS, sitting as a panel
of three.

*James M. Gdula*, for appellant.

*Charles G. Hasson*, Assistant Attorney General,
with him *Sydney Reuben*, Assistant Attorney General,
and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, July 21, 1976:

This is an appeal by Hayden McGuire (claimant)
from an order of the Unemployment Compensation
Board of Review affirming a referee's decision deny-
ing unemployment compensation benefits to claimant
for having voluntarily quit work without cause of a
necessitous and compelling nature.[1]

---

[1] Section 402(b)(1) of the Unemployment Compensation Law,
Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as
amended*, 43 P.S. §802(b)(1).

Claimant was employed as a truck driver by Edward Bero Trucking, Inc. (Bero) from 1972 until November 7, 1974, when he was laid off. At the time of the layoff claimant was earning about $200-$250 a week and thereafter he began receiving unemployment compensation benefits.[2] On April 22, 1975, claimant was recalled by Bero and informed that the company was no longer operating under a union contract and that claimant would be paid on a percentage basis of the amount of coal he hauled. Claimant began to work, making runs which required him to travel 100 miles and which took six hours to complete. The claimant worked four days, the remuneration for which, according to a finding by the referee, was as follows:

    April 22 — $21.78 for a half-day's work
    April 23 — $43.20 for a full day[3]
    April 24 — $24.66 for a half day
    May 1    — $25.30 for a half day

On May 3, 1975, claimant informed Bero that he was terminating his employment. The Bureau of Employment Security determined that claimant left work with good cause and therefore remained eligible for unemployment compensation. The referee, after conducting a hearing, found that the claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature and reversed the Bureau's award of benefits to the claimant. The Board affirmed the referee; this appeal followed.

In an unemployment compensation case the burden is upon the claimant to prove that a voluntary termination of his employment was for a cause of a necessitous and compelling nature. *Unemployment*

---

[2] Claimant received $103 in weekly benefits plus $8 in dependency allowance.

[3] A full day consisted of two round trips.

*Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975). The claimant asserts that the overall work conditions and the remuneration for the hours worked provided good cause for him to terminate his employment. We disagree. Mere dissatisfaction with wages is not a cause of a necessitous and compelling nature for the voluntary termination of employment. *Unemployment Compensation Board of Review v. Holtz,* 19 Pa. Commonwealth Ct. 316, 338 A.2d 690 (1975). Further, an employe admits the suitability of employment with respect to wages and working conditions by accepting the employment, and such employe, asserting that his subsequent termination of employment was for a necessitous and compelling cause related to working conditions, must establish that such conditions had changed since his initial employment or that he was originally deceived as to the conditions complained of. *Unemployment Compensation Board of Review v. Holtz, supra.* There is ample evidence in the record that the claimant was apprised of the conditions he could expect when he resumed work on April 22, 1975 and that he was not deceived. Therefore, the claimant clearly terminated his employment without cause of a necessitous and compelling nature and we must affirm the Board on that issue.

However, our review of the record herein compels us to remand for further consideration. At the time of the Board's decision, it did not have the benefit of *Unemployment Compensation Board of Review v. Fabric,* 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976), where we held that when a claimant voluntarily leaves part-time employment he is rendered ineligible for further benefits only to the extent that his benefits were decreased by virtue of his part-time earnings.

The referee made a finding that "[t]he claimant working on a full weekly basis, did earn between $200 and $275 a week." While it is true that claimant was earning those wages in November, 1974, there is no evidence to support a finding that he would be working full-time or making that much income under the current terms of his employment. The referee's finding concerning actual earnings during the period in question establishes that claimant was not making those wages during that four-day period, and there is testimony of record seeming to indicate that the claimant was not hired on a full-time basis.

The lack of a finding concerning the remuneration claimant could have expected makes it necessary for us to remand the case. As Judge KRAMER stated in *Unemployment Compensation Board of Review v. Fabric, supra:*

"The term 'unemployment' is defined by Section 4(u) of the Act, 43 P.S. §753(u) as follows:

" 'An individual shall be deemed unemployed . . . (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.'

"We read this provision together with Section 402(b)(1), to require that the Board establish that a claimant's actual benefits would be increased by virtue of the loss of a part-time job. In other words, the part-time job must have yielded income in excess of the partial benefit credit (and thus decreased the amount of the weekly benefits payable) before a claimant can be denied any benefits because of a voluntary separation. Under the statutory definition, a claimant is only 'unemployed' due to his voluntary separation to the extent of the wages he was earning; and we see no provision in the Act which requires or authorizes the Board to deny all of the claimant's

benefits." 24 Pa. Commonwealth Ct. at 241, 354 A.2d at 907.[4]

If, upon remand, it is determined that the claimant's work at Bero would have yielded income in excess of the claimant's weekly benefit rate plus his partial benefit credit, then he is ineligible for further compensation. If, however, it is determined that his expected income would have been less than his weekly benefit rate plus his partial benefit credit, then he is eligible for the difference.

Therefore we enter the following:

ORDER

AND Now, this 21st day of July, 1976, the record herein is remanded to the Board for a determination of the income the claimant would have received in his employment with Bero Trucking, Inc. had he not quit without good cause, and thereafter the case is to be decided in a manner not inconsistent with this opinion.

---

[4] See also Snyder Unemployment Compensation Case, 194 Pa. Superior Ct. 622, 626, 169 A.2d 578, 580 (1961).