Walter E. Deiss v. Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Walter E. Deiss, Appellant.

Argued October 29, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Edward Van Stevenson, Jr.*, with him *Michael A. Donadee*, for appellant.

*Sandra Christianson*, Assistant Attorney General, with her *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, January 5, 1977:

This is an appeal by Walter E. Deiss (Deiss) from an order of the Unemployment Compensation Board of Review (Board) dated April 6, 1976. The Board's order affirms a referee's decision denying unemployment benefits.

Deiss was employed by the Gordon Terminal Service (Gordon) to remove molded plastic bottles from a production line and place them into shipping boxes. He voluntarily terminated this employment relationship after one week. Deiss contends that a job-related health problem caused an inability to perform the job.

Deiss' application for unemployment benefits was denied by the Bureau of Employment Security and a referee affirmed.[1] On appeal to the Board, the case

---

[1] Denial was on the basis of Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). The section reads pertinently:

An employee shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

was remanded to allow additional testimony on Deiss' health problem.

On remand, a psychotherapist, who had examined Deiss after he had left his employment, testified that Deiss had a "character disorder." He believed the work at Gordon's was incompatible with the disorder. It was his professional opinion that Deiss preserved his health by leaving. After considering this testimony, the Board voted to affirm the referee's decision denying benefits.[2]

Deiss does not dispute that he left his employment voluntarily. The burden is upon him therefore to establish that he did so for a necessitous and compelling reason. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974). He asserts that the testimony of the psychotherapist established such a reason and that his burden has been sustained. We do not agree.

To sustain his burden, the claimant must, in effect, demonstrate that his disability left him no real choice but to leave his employment. *See Unemployment Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1972). The record reveals that Deiss was not advised by a physician to terminate his employment.[3] The testimony of the psychotherapist, who examined him after he quit, is of little evidentiary value as it does not adequately explain and buttress the health reasons as they exist-

---

[2] The Board also made this additional finding of fact:
    #4. At the time the claimant terminated his employment, he was not under the care of a doctor and he was not advised by a doctor to terminate his employment.

[3] There may be a case where a claimant terminates while suffering from a mental disorder of such a nature as to mitigate his failure to consult a doctor before quitting. This is not such a case and falls under the general rule of *Eckenrod v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 166, 325 A.2d 320 (1974).

ed on the date of his termination. *Eckenrod, supra* note 3. *See Elshinnawy v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974); *Tollari v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973). It is clear that Deiss' unsupported statement that the working conditions adversely affected his health is insufficient to shoulder his burden. *Lego v. Unemployment Compensation Board of Review,* 24 Pa. Commonwealth Ct. 569, 357 A.2d 701 (1976). After carefully reviewing the record, we find substantial evidence supporting the findings and decision of the Board. We affirm the Board.

### ORDER

AND Now, this 5th day of January, 1977, it is ordered that the appeal of Walter E. Deiss is hereby dismissed, and the order of the Unemployment Compensation Board of Review is hereby affirmed.