Paul W. Penkola, Appellant *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 16, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*James S. Palermo,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Blatt, November 9, 1977:

Paul W. Penkola (claimant) brings this appeal from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of unemployment compensation. Both the referee and the Board concluded that Section 402(b)(1) of the Unemployment Compensation Law[1] (Law) made the claimant ineligible to receive compensation because he had voluntarily left work without cause of a necessitous and compelling nature.

The claimant had been employed by United Parcel Service for approximately thirty-nine months, and had held a supervisory position during the last twenty-six

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

months. It is undisputed that, during the three or four months prior to his last day of work, his relationship with his immediate supervisor, the division manager, had become strained. The tension which existed between them seemed to have arisen from several work-related incidents which are detailed in the record, and it was apparently aggravated by the heavy workload during the Christmas season which required the claimant to work fifteen to sixteen hours a day. After a discussion with the central manager on February 21, 1975 regarding his work and his problem with the division manager, the claimant signed a blank "clearance slip," a form regularly used by the employer to document the reason an employee is terminating his employment. This slip was later completed, presumably by a representative of the employer to indicate that the claimant was leaving to accept other employment, although it is clear that he did not have another job at that time and that he remained unemployed for several months thereafter. The Bureau of Employment Security denied his application for benefits and this decision was affirmed by the referee. The Board initially affirmed the referee's order but later reconsidered the case and remanded it to a referee for the taking of additional testimony concerning the claimant's alleged health problems. After a rehearing the referee again denied benefits, and the Board affirmed the referee's new order. The claimant has now asked this Court to review the last order of the Board.

Section 510 of the Law, 43 P.S. §830, provides that this Court's scope of review in unemployment compensation appeals is confined to questions of law and, absent fraud, to a determination of whether or not the findings of fact are supported by the evidence. The Board specifically found here that the "claimant resigned because of the personality conflict between him and the division manager," and the record contains

substantial evidence to support a finding that the termination was voluntary. The claimant argues, however, that increasing job pressures which affected his health led to the signing of the "clearance slip" and that these reasons constituted cause of a necessitous and compelling nature such as to justify his voluntary termination and to qualify him for compensation.

The claimant, of course, has the burden of showing that his voluntary termination was with cause of a necessitous and compelling nature. *Pfafman v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973), and the Board concluded that this claimant failed to meet that burden. Personality differences with a supervisor do not constitute a necessitous and compelling cause for voluntarily leaving a position. *Nolte v. Unemployment Compensation Board of Review*, 24 Pa. Commonwealth Ct. 541, 358 A.2d 114 (1976). Furthermore, the only evidence of health problems contained in the record is a letter from his physician stating that the claimant had been suffering from a viral infection and acute gastritis at the time he was examined on February 10, 1975. Unsupported statements that working conditions adversely affected the health of a claimant are not sufficient to demonstrate that he was left with no choice but to leave his employment and that he had a necessitous and compelling cause for doing so. *Deiss v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 92, 366 A.2d 1388 (1977).

Our careful review of the record here reveals that the findings of the Board are supported by substantial evidence, and we will, therefore, affirm the Board's decision denying benefits to this claimant.

### ORDER

AND Now, this 9th day of November, 1977, the order of the Unemployment Compensation Board of Review is hereby affirmed.