Charles F. Kaslavage, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1979, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*Thomas F. Toole*, with him *Toole, Toole and Toole*, for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 6, 1979:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) denying unemployment compensation benefits to petitioner (claimant) pursuant to Section 402(b)(1) of the Unployment Compensation Law (Law)[1] and assessing liability for a non-fault overpayment pursuant to Section 804(b) of the Law, 43 P.S. §874(b). We affirm.

For the approximately 4½ years prior to his termination on July 9, 1976, claimant worked as a solderer in employer's small electronics factory. Claimant and his employer agree that the termination was a result of claimant's request to be laid off. Claimant explained to his employer that the smoke and fumes attendant his and co-workers' soldering resulted in unacceptable irritation to his eyes and hence his desire to be laid off.

At the initial hearing before a referee claimant stressed the difficulties he experienced with his eyes in explaining his decision to seek termination. The referee in denying compensation found that since claimant was unable to show competent medical evidence supporting a health related need to leave his job the voluntary decision to terminate left claimant ineligible.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1) which provides in pertinent part:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)(1) In which his unemployment is due to voluntarily leaving work without a cause of a necessitous and compelling nature. . . .

Following affirmance of the referee's decision by the Board, claimant subsequently was granted a hearing before a hearing officer for the Board. It was at this hearing that claimant, for the first time represented by counsel, emphasized a number of incidents and conditions at the plant which he belatedly asserted rendered the plant environment unsafe and unhealthy.[2] After reviewing the testimony the Board again denied compensation, finding that, as was the case in the first hearing, claimant had failed to carry his burden of showing that the voluntary termination was for a cause of necessitous and compelling nature.

After our careful review of the record we conclude that the Board acted properly in holding that claimant had voluntarily terminated the employment relationship without cause of a necessitous and compelling nature. As to the alleged impact on claimant's health, we need only reiterate that unsupported statements that working conditions adversely affected claimant's health are not sufficient to establish eligibility. *Penkola v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 326, 379 A.2d 890 (1977). Claimant presented absolutely no medical evidence linking his eye irritations to his work. On the contrary such medical evidence as appears in the record indicates his eye condition is not related to his work.

Regarding claimant's testimony concerning the working environment at the plant, we note simply that

---

[2] Among others, the record reveals the claimant complained of co-workers throwing a variety of objects about the plant including nuts and bolts by the "handful" and "units." Also according to claimant one co-worker in particular exploded live bullets inside the plant with a soldering iron. In addition to acts of his co-workers claimant cited a number of safety hazards inherent in the plant building. To most of these allegations the employer's representative testified either in contradiction or to the effect that he lacked knowledge of such occurrences.

mere dissatisfaction with working conditions is not a cause of necessitous and compelling nature. *Nolte v. Unemployment Compensation Board of Review,* 24 Pa. Commonwealth Ct. 541, 358 A.2d 114 (1976). Additionally, the Board in its fact finding capacity need not accept even uncontradicted evidence. *Taylor v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 303, 397 A.2d 451 (1979). In its discussion, the Board stated categorically that *"we believe* that the conditions at the employer's place of business were reasonably safe and healthy. *We do not believe* that the claimant's working conditions were unreasonably hazardous or dangerous." (Emphasis added.)

Accordingly, we will enter the following

ORDER

AND Now, March 6, 1979, the order of the Unemployment Compensation Board of Review entered at No. B-137724-D, dated September 20, 1977, is hereby affirmed.

