Elizabeth Poniktera, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Thomas J. Fischer*, for petitioner.

*David R. Confer*, Assistant Attorney General, with him *Richard Wagner*, Assistant Attorney General, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 2, 1979:

The Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review (Board) have all denied claimant's application for unemployment compensation benefits. The denial has been based on the provisions of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), voluntarily leaving work without cause of a necessitous and compelling nature.

The findings of fact by the Board are brief and can be quoted in full:

1. The claimant was last employed as a hand sewer by the Fountain Hill Mills, Inc. at a final rate of $2.92 per hour and her last day of work was June 10, 1977.

2. The claimant voluntarily terminated her employment relationship because she had a personality conflict with a co-worker.

3. The claimant was not harassed or abused by this co-worker.

4. The claimant was not laid off or discharged and continuing work was available had the claimant desired to remain employed.

Appellant asserts that the Board erred as a matter of law in making findings 2 and 3 in that there was no substantial evidence on which to base the findings. We disagree and affirm.

In a word, appellant attempts to justify her quitting on the fact that a fellow employee harassed her and that, although she brought it to the attention of her supervisor, the employer did not resolve the problem.

There is no doubt that appellant so testified. However, it is clear from the record that the supervisor felt that it was appellant who was the ''trouble-maker'' and that the appellant could and should have worked in harmony with the fellow employee. As in *Martin v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978), this is a classic case of divergent testimony on a key issue. As in *Martin, supra,* it is the function of the Board and not this Court, to resolve the conflict.

It is clear that appellant had the burden of proof to show that her voluntary termination was for a necessitous and compelling reason. *Penkola v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 326, 379 A.2d 890 (1977). Appellant has had the benefit of legal counsel before the referee. Her request for an oral argument before the Board on the appeal from the referee's denial of benefits was granted. Nevertheless the Board expressly stated in its opinion that the appellant failed to meet this burden.

Finally, there is no merit in appellant's argument that the record should be remanded for the Board to make a specific finding ''as to the severity of the problem from the claimant's point of view, or at least from

the point of view of a reasonable person in the claimant's situation." We have the specific findings that appellant was not harassed or abused and that she quit because of a personality conflict. This is sufficient. *See Nolte v. Unemployment Compensation Board of Review*, 24 Pa. Commonwealth Ct. 541, 358 A.2d 114 (1976).

Accordingly, we will enter the following

ORDER

AND Now, October 2, 1979, the Order of the Unemployment Compensation Board of Review, Decision No. B-155713, dated March 30, 1978 denying the claim of Elizabeth Poniktera is hereby affirmed and this appeal dismissed.