Leslie Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Leslie Johnson,* for himself, petitioner.

*Elsa Newman,* with her, *William Kennedy,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 9, 1980:

Leslie Johnson has appealed from a decision of the Unemployment Compensation Board of Review affirming a referee's decision denying him benefits because he voluntarily left his employment without cause of a necessitous and compelling nature as provided by Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Mr. Johnson worked for approximately two and one-half years as a special education teacher for Mercy State Hospital. He resigned his position in December 1977 and applied to the Bureau (now Office) of Employment Security for unemployment compensation benefits. He received benefits for six weeks. The Bureau later determined that Johnson was ineligible because he had voluntarily quit his job and also declared that he had been the recipient of a "fault overpayment" in the amount of $786.00 (pursuant to Section 804(a) of the Law, 43 P.S. §874(a)) with respect to the benefits already paid.

Mr. Johnson appealed the Bureau's decision to a referee, claiming that he had quit for causes of a

necessitous and compelling nature. After a hearing at which Mr. Johnson and a representative of the hospital testified, the referee affirmed the Bureau's determination of ineligibility but found that the benefits already paid were a nonfault overpayment under Section 804(b) of the Law, 43 P.S. §874(b). The Board of Review affirmed the referee's decision and this appeal by Mr. Johnson followed. We affirm.

In a voluntary quit case the burden is on the claimant to prove that he left his employment for a cause of a necessitous and compelling nature. *McGuire v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 588, 360 A.2d 315 (1976). Mr. Johnson says that he left his employment for numerous reasons, which he summarizes as follows: (1) pay problems; (2) racial discrimination; (3) transportation difficulties; (4) change in job; (5) moral obligations; (6) contract problems; (7) lack of redress of grievances; (8) poor relationships with staff and patients and (9) health and safety problems. The evidence offered in support of these allegations was the claimant's testimony in which he described his complaints. This testimony was contradicted in part by the hospital's business manager, who testified that Mr. Johnson's pay problems had been resolved and that he was not discriminated against on the basis of race. The weight and credibility of the evidence were for the Board. The Board, adopting the decision of the referee, found that Mr. Johnson "terminated his employment because he was dissatisfied with working conditions and management's policies and procedures." This finding is clearly supported by the record. Dissatisfaction with working conditions is not a necessitous and compelling cause for terminating employment. *McGuire v. Unemployment Compensation Board of Review, supra.*

Order affirmed.

## ORDER

AND Now, this 9th day of January, 1980, the decision of the Unemployment Compensation Board of Review is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.