Denise M. Tuono, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 8, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Bruce P. Friedman,* with him *Clifford B. Cohn,* for petitioner.

*Elsa Newman-Silverstine,* Assistant Attorney General, with her *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, November 17, 1980:

In April 1979 Denise Tuono resigned her job as an administrative secretary with Hawthorne Advertising Company. Her application for unemployment compensation benefits was denied by the Office of Employment Security, a referee, and the Board of Review on the ground that her reasons for resigning were not "of a necessitous and compelling nature" as required by the Unemployment Compensation Law.[1] The sole issue for our review is the correctness of this determination.[2]

At the hearing before the referee Ms. Tuono testified that she resigned: beacuse her employer was moving part of its operations to the suburbs and she was uncertain how this move would affect her; because she believed that a superior with whom she had words continued to bear sentiments of ill will toward her despite an apparent reconciliation; because a recent promotion and transfer had not yielded the benefits she anticipated; because there was, according to her testimony, a five day delay in procuring meaningful job assignments and necessary office accoutrements; and because there were a series of cancelled or rescheduled

---

[1] Section 402(b)(1) of The Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2] It was also contended that the proceedings before the referee were unfair because Ms. Tuono, who then was without counsel, was not permitted to read an eight page statement she had prepared in advance of the hearing. The statement was made a part of the record, she was permitted to use it to refresh her recollection, and her testimony covers in great detail all of the events described in the statement.

interviews, phone calls that went unanswered, a training program that did not materialize as hoped, and intercompany paperwork which was neglected or delayed by others.

The referee and the Board of Review properly concluded that Ms. Tuono's resignation was caused by ''personal dissatisfaction with her work conditions''; a reason we have repeatedly held not to be compelling. *See Johnson v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 376, 409 A.2d 961 (1980); *McGuire v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 588, 360 A.2d 315 (1976).

Her counsel suggests that Ms. Tuono's testimony should have lead the compensation authorities to infer that she was the victim of invidious mistreatment by her superiors. However, the drawing of inferences is for the compensation authorities and they here plainly believed only that Ms. Tuono was unhappy with her job. *See Wardlow v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 477, 387 A.2d 1356 (1978).

Order affirmed.

ORDER

AND Now, this 17th day of November, 1980, the order of the Unemployment Compensation Board of Review here appealed is affirmed.