Krista Lininger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Upjohn Healthcare Services, Intervenor.

Submitted on briefs October 6, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Edward Van Stevenson, Jr.,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*David R. Johnson, Thomson, Rhodes & Grigsby,* for intervenor.

OPINION BY JUDGE BLATT, December 6, 1982:

Krista Lininger (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits on the grounds that she had voluntarily quit her job without cause of a necessitous and compelling nature. Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The claimant was employed as a staff nurse by Upjohn Healthcare Services (employer) until her promotion to Adult Service Coordinator. She worked in the latter supervisory position for four months prior to her resignation. As stated in her brief to this Court, this resignation was tendered as a result of a number of complaints on her part, including, *inter alia* her lack of promised field work, conflicting company policies, a verbal altercation which she had with another employee, and her expressed and unfulfilled need for a larger clerical staff. The referee found, however, that she had quit because of her dissatisfaction with her work assignments, and the Board affirmed this finding.

The burden of proof clearly lies with the claimant. *Pfafman v. Unemployment Compensation Board of*

*Review,* 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973). And where, as here, the party with the burden of proof did not prevail below, review by this Court is to determine whether findings of facts were consistent with each other and with the conclusions of law and the order can be sustained without a capricious disregard of competent evidence. *Demelfi v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 577, 442 A.2d 1249 (1982).

The claimant argues that the Board capriciously disregarded competent evidence. She testified that her employer had promised that she would have three days a week of work in the field and that such has not been provided, but representatives of the employer denied that testimony, and the question of weight and credibility here was clearly one for the Board and not this Court to decide. *Johnson v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 376, 409 A.2d 961 (1980). In addition to the field work complaints, the claimant also testified that she had expressed displeasure over the lack of clerical assistance provided for her in the office and that she was wrongly required to do the paperwork, including payroll and billing. This, however, amounted to nothing more than expressing dissatisfaction with her work load, *Dalesandro v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 482, 333 A.2d 479 (1975), which we have repeatedly recognized does not rise to the level of a necessitous and compelling nature for voluntarily leaving one's employment. *See also Nolte v. Unemployment Compensation Board of Review,* 24 Pa. Commonwealth Ct. 541, 358 A.2d 114 (1976) (dissatisfaction with work conditions).

We must hold, therefore, that the claimant has not met her burden of proof, and we will affirm the order of the Board.

ORDER

AND Now, this 6th day of December, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.