Rebecca Blakely, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 6, 1983 to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Harold I. Goodman,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, August 31, 1983:

Rebecca Blakely filed a petition for review of the actions of the unemployment compensation authorities refusing her benefits on the ground that she voluntarily left her work for Fleer Gum Company without cause of a necessitous and compelling nature. Section 402(b)(1) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, P.L. 2987, *as amended,* 43 P.S. §802(b)(1).

The facts are that the claimant was last employed by Fleer Gum as a machine packer. The claimant's last day of work was Friday, January 29, 1982. On Wednesday, January 27, 1982, the claimant was informed by her employer that due to lack of work she was to be indefinitely laid off on about February 15, 1982 and that until that date she was to work the second shift, from 3:45 to midnight. During her five years with the employer the claimant had worked the 7:15 a.m. to 3:45 p.m. shift.

The Board found that the claimant, the mother of two school-age children, "determined that the second shift would be unacceptable due to difficulties involved in picking up the children at the end of the school day", and, as she testified, because she had not, and could not obtain any one to care for her children, on such short notice, from 3:45 p.m. until 12:00 p.m. The Board also found that the claimant voiced this complaint to a shop steward and left a message in the personnel office.

On Monday, February 1, 1982, the claimant did not report for work because, she testified, she had no one to care for the children. On Tuesday she reported off. The claimant did not report to work from February 3, 1982 through February 8, 1982 or inform the employer of her absences. On Tuesday, February 9, 1982, the claimant called the employer, informing it of her continued child care difficulties and the employer informed her that she had "voluntarily abandoned her employment" because she had three unreported absences in violation of company regulations.

The Board determined that the claimant was ineligible for benefits because she "did not discuss [the child care difficulties] with her employer though it is apparent that several possibilities were present, including the securing of a leave of absence;" and because "[t]he claimant did not make sufficient attempts to sustain the employer-employee relationship and her extended nonreported absences from the worksite are, indeed, equivalent to an abandonment of employment."

Our scope of review in an employment compensation case where the party with the burden of proof does not prevail below "is to determine whether findings of fact were consistent with each other and with the conclusions of law and whether the order can be

sustained without a capricious disregard of competent evidence." *Lininger v. Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct. 248, 250, 452 A.2d 1123, 1124 (1982).

As noted, the Board denied the benefits on the ground that the claimant had not discussed her child care difficulties with her employer, not because her child care problems did not constitute a necessitous and compelling cause for quitting; indeed the Board wrote that it "recognizes that potential child care problems may well have arisen as a result of the change in claimant's working hours." This was a correct application of the law because the inability of a parent to care for children may constitute a necessitous and compelling cause for leaving work.

The question remains whether the claimant established that she had made a reasonable effort to advise her employer of her child care problems. *Iaconelli v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 117, 121, 423 A.2d 754, 756 (1980); *Colduvell v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 185, 187, 408 A.2d 1207, 1208 (1979).

The claimant testified that on being informed on Wednesday, January 27, 1982 that she was to be transferred to the evening shift she told her shop steward of her child care problem. The claimant also testified, and the Board found, that she went to the personnel office on Friday, January 29, 1982 where she left a message to the same effect. The employer's representative testified that:

> QR: If they have a problem are they suppose to talk to the shop steward or come to personnel?
> AEW: They, they can discuss it with their shop steward. Ah, and/or to the personnel department.

This testimony is not mentioned in the Board's decision. Its clear import is that an employee's problem was properly reported either to the shop steward or the personnel department. This evidence having been disregarded, we are constrained to overturn the Board's conclusion that the claimant did not, by reporting both to her shop steward and the personnel department, make a "sufficient attempt" to sustain her employment.

Order reversed; remanded for the computation of benefits.

ORDER

AND Now, this 31st day of August, 1983, the order of the Unemployment Compensation Board of Review, Decision No. B-207117, dated June 22, 1982, is reversed and the record is remanded for the computation of benefits.