Elwood John Wardlow, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1978, before Judges CRUMLISH, JR., BLATT and DISALLE, sitting as a panel of three.

*Morton Krase,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, July 10, 1978:

This is a petition for review filed by Elwood John Wardlow (Claimant) from an order of the Unemployment Compensation Board of Review (Board) dated February 2, 1977, which disallowed Claimant's appeal pursuant to Section 502 of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §822, and affirmed the adjudication of the referee, thereby denying unemployment compensation benefits to Claimant under Section 402(b)(1) of the Act, 43 P.S. §802(b)(1).

Claimant was employed as an installation mechanic by Sinkler Inc. (Employer) and his last day of work was on August 5, 1976. The Employer stated at the referee's hearing that Claimant did not report to work on his next scheduled work days of August 6, 9 and 10, 1976, and that Claimant did not personally contact the Employer regarding these absences. On August 10, 1976, Claimant was contacted at home

by his foreman and requested to report to him for counselling on August 11, 1976. On August 11, Claimant reported to his foreman and told him he was "mixed up" and did not feel well. The foreman indicated to Claimant that he did not have to report to work on August 12 or 13, but that he must report to work on August 16, 1976. Claimant did not report to work on August 16 or any day thereafter.

Claimant testified at the referee's hearing that he had been discharged on August 11 by the Employer even though Claimant's wife previously had notified the Employer that Claimant was ill. There is a conflict in the testimony as to what actually occurred on August 11, 1976. The Board as the ultimate fact-finder had the duty to pass on Claimant's credibility and it had the power to reject all of Claimant's testimony when it was in conflict with the testimony of the Employer or even when it stood uncontradicted. The referee and the Board found that Claimant had voluntarily terminated his employment without cause of a compelling and necessitous nature.

There is substantial evidence in the record to support the Board's finding of voluntary termination on the part of Claimant. The burden of proving that a voluntary termination of his employment was for cause of a necessitous and compelling nature is upon Claimant. This burden may be sustained by showing that his conduct was consistent with ordinary common sense and prudence and that the circumstances prompting the severance of employment were real, substantial and reasonable. This Claimant has failed to meet this burden.

We conclude that Claimant voluntarily left work without cause of a necessitous and compelling nature and, therefore, we affirm the Board's decision that Claimant be disqualified from receiving unemployment compensation benefits under the Act.

ORDER

AND Now, this 10th day of July, 1978, the order of the Unemployment Compensation Board of Review, dated February 2, 1977, denying benefits to Elwood John Wardlow, is affirmed.