Melvin E. Affalter, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*James R. Miller,* with him *Dickie, McCamey & Chilcote,* for petitioner.

*William Dade,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., February 16, 1979:

Melvin E. Affalter (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law (Act).[1]

Claimant was last employed as a sales manager for Associated Products (Employer) in the Pittsburgh area. His duties included the sale and servicing of deodorizers for commercial institutions. Claimant was also required to work in the Cleveland area approximately once or twice a year when manpower shortage developed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant refused to go to Cleveland for a short period of time in January, 1977,[2] to perform customer service work contending that he was unable to comply with Employer's demands because a heart condition would be aggravated by additional exposure to cold temperatures. The existence of the heart condition was not disputed and Claimant's refusal resulted in his termination.

The Board, without taking additional evidence, affirmed the denial of benefits by the referee on the basis of Section 402(e) of the Act. We affirm.

Claimant argues on appeal that the referee's findings of fact[3] are not supported by the record and his isolated act of disobedience is insufficient to constitute willful misconduct.

In an unemployment compensation case in this Commonwealth, the findings and decision of the referee and Board must be sustained if supported by substantial evidence. *Stalc v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974). A finding is supported by substantial evidence if upon review of the entire record and all inferences derived therefrom, a reasonable man might have reached the same conclusion. *St. Andrew Development Co. v. Pennsylvania Human Relations Commission*, 10 Pa. Commonwealth Ct. 123, 308 A.2d 623 (1973).

Claimant here testified that in Cleveland he would be required to perform customer service work as opposed to sales work and that customer service work required more stops and hence more exposure to potentially severe cold weather. Employer, on the other hand, testified that sales work and customer service

---

[2] Approximately four days.

[3] In particular, the finding that Claimant was physically capable of performing his duties at the time of his refusal.

work required approximately the same amount of stops and the same exposure to cold temperatures. Claimant stated that he was physically capable of performing sales work. No evidence was introduced showing that Cleveland experienced colder temperatures than Pittsburgh or that service work in one location differed from service work in another. Hence, the only factual dispute for the referee's resolution centered around Claimant's job description.

Questions of credibility and the resolution of testimonial conflicts are for the Board, not the reviewing court. *Dudley v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 186, 387 A.2d 996 (1978). The fact finder may reject the testimony of the claimant when it conflicts with the testimony of the employer or even when it is uncontradicted. *Wardlow v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 477, 387 A.2d 1356 (1978). Upon reviewing the record in this light, we must conclude that there is substantial evidence to support the factual findings of the referee.

A deliberate refusal to comply with a reasonable demand of an employer ordinarily constitutes willful misconduct. *Strohecker v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 526, 382 A.2d 160 (1978). No prior acts are necessary to deny benefits and a single act may constitute willful misconduct even where the claimant had a good work record. *Brennan v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 569, 333 A.2d 794 (1975). In *Kindrew v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978), this Court held that refusal by an employee to perform a required work task or duty when he is too ill to do so is justified and does not constitute willful misconduct. But, if the employee

is *not* too ill to perform his required duties, his refusal is unreasonable and does constitute willful misconduct.

The referee found, and the Board affirmed, that at the time of his refusal Claimant was physically capable of performing his required duties which included service work in Cleveland. The finding of the referee, being supported by substantial evidence, is conclusive and the Board's denial of benefits for willful misconduct under Section 402(e) of the Act must be affirmed.

Accordingly, we

ORDER

AND Now, this 16th day of February, 1979, the decision of the Unemployment Compensation Board of Review dated May 19, 1977, is affirmed.