Stephen L. Zinicola, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1979, before Judges CRUM-
LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Judy Shoppsmith,* with her *William T. Smith,* and
*Smith, Chamberlain & Farr,* for petitioner.

*William J. Kennedy,* Assistant Attorney General,
with him *Richard Wagner,* Assistant Attorney Gen-
eral, Chief Counsel, and *Edward G. Biester, Jr.,* At-
torney General, for respondent.

OPINION BY JUDGE CRAIG, November 1, 1979:

Claimant, in this appeal from a denial of benefits
by the Unemployment Compensation Board of Review
(board), was discharged by his employer, the Small
Business Administration of the federal government
(SBA), when he failed to report to work on August
15, 1975, his second day of a temporary assignment to
a district office of the SBA in Pittsburgh. He had

previously been assigned to the Harrisburg district of the SBA and remained attached to that office.

After attending meetings at an SBA field office in a small town south of Pittsburgh, claimant asked a co-worker to tell his supervisor there that he was ill and exhausted from travelling. He then rode a bus home to Harrisburg that evening.

The case presents two substantive issues: whether claimant is ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Act)[1] because his discharge resulted from his own willful misconduct; and whether claimant disqualified himself under Section 401(b) of the Act[2] by not complying with regular reporting requirements.

With respect to compliance with unemployment compensation reporting requirements, the board found that claimant had his claim handled through a friend at the local office and visited the office only irregularly and informally until December of 1975, after which he did not visit the local office at all, but merely kept his friend apprised of his situation while they attended classes together at a local community college. The board also found that claimant had worked in the local Harrisburg office of the Bureau of Employment Security two previous summers and was aware of the reporting requirements of the law.

In its discussion the board found claimant's testimony that he thought he was thus complying with reporting requirements to be "patently incredible" and disqualified him under Section 401(b) of the Unemployment Compensation Law.

The pertinent part of Section 401 provides that:

Compensation shall be payable to any employe who is or becomes unemployed and who—

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] 43 P.S. §801(b).

(b) Has registered for work at, and thereafter continued to report to an employment office in accordance with such regulations as the secretary may prescribe. ...

The regulations at 34 Pa. Code §65.31 and §65.32, with exceptions not applicable here, provide that claims for compensation shall be filed personally by a' claimant at local public employment offices for each week of unemployment on official forms available there.

In *Stanek v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 351, 295 A.2d 198 (1972) we affirmed a denial of one week's benefits where claimant forgot to report as scheduled, despite the fact that the next week he wrote an apologetic and explanatory letter to the local office.

Here, we must do the same where the record supports the board's conclusion that the claimant continually disregarded the regular reporting requirements.

We affirm findings of the board which are supported by substantial evidence where, in reviewing the entire record and all inferences derived therefrom, a reasonable mind might have reached the same conclusion. *Affalter v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 482, 397 A.2d 863 (1979). Moreover, credibility questions are the province of the board and the fact finder may reject even uncontradicted testimony. *Wardlow v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 477, 387 A.2d 1356 (1978).

The board did not believe that claimant thought he was complying, in view of his previous employment in the same local office. Regardless of what he thought, he did not comply with the reporting requirements.

Concerning the issue of willful misconduct, the board found that claimant was aware that he should

have contacted the Harrisburg office of the SBA and that, having failed to do so, he did not follow the employer's absenteeism rule.[3]

Claimant also raises a procedural argument.

A board referee held a hearing on claimant's request on August 13, 1976, at which no bureau repre-

---

[3] In *Kindrew v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978) we remanded for a finding of fact as to whether or not claimant was too ill to work observing that if the compensation authorities found that she was not ill, her refusal to work on a day she was expected to work would be an unreasonable violation of employer's rule and warrant a conclusion of willful misconduct.

In this case, the board also found that:

7. The claimant did not report to work on August 15, 1975 as scheduled and, as a result, was discharged.

8. At the close of the working day on August 14, 1975 the claimant returned to his home in Harrisburg, Pennsylvania by bus due to alleged sickness from alleged exhaustion due to previous travelling.

9. The claimant was not under the care of a doctor.

10. The claimant failed to give proper notice of his absence in that he was aware that he should have contacted the Harrisburg office and failed to do so.

In its discussion the board concluded that:

[I]n the instant case the record reveals that the claimant was absent from work on August 15, 1975 without properly reporting off. Furthermore, we cannot conclude that the credible evidence indicates that he had good cause for this absence.

It seems obvious to us that not only did the board find that claimant did not follow procedure in reporting off, but it also did not believe that he was ill.

In reviewing the record before us we cannot say that it was error for the board also to doubt that he was ill because claimant did travel 200 miles by bus the very day he allegedly was ill from exhaustion due to travelling. Moreover, he himself testified that he should have reported his absence to the Harrisburg supervisor. Therefore, the board's conclusion that claimant was ineligible for benefits because of willful misconduct under Section 402(e) of the Act, 43 P.S. §802(e), affords an additional basis for our affirmance on the merits.

sentative appeared. Our review of the whole record shows that no one has established clearly whether the requisite of that first notice of hearing was sent to the bureau. However, the bureau's representative testified that notice was never received.

Here, with no competent evidence in the record to indicate that notice was mailed, and, in light of the bureau representative's testimony that none was received, we cannot say that the referee should have presumed that proper notice was mailed and received. Cf. *Mileski v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 334, 379 A.2d 643 (1977).

At that first hearing the referee allegedly told claimant that he would issue a decision in his favor. Claimant argues that such a statement constituted a formal decision which became a conclusive determination in his favor on the issue of willful misconduct. *See, Lentz v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 544, 402 A.2d 1127 (1979).

However, no formal written decision ever issued, and the referee's alleged unwritten assurance clearly did not conform to the requirements for the issuance of decisions in 34 Pa. Code §101.88, which, among other things, requires findings of facts, reasons for the decision, conclusions of law and an order. Nor was there a copy mailed to the parties as required by 34 Pa. Code §101.89.

Because no formal decision was issued at the first hearing, and the record shows that it was reasonable to conclude that the bureau representatives never received notice of the first hearing, we conclude that it was not reversible error for the supervisor of referees to have decided to continue the hearing to a later date to allow bureau representatives to present their case.

ORDER

AND Now, this 1st day of November, 1979, the decision and order of the Unemployment Compensation Board of Review, dated November 16, 1977, at No. B-144631-B, denying benefits is hereby affirmed.