Betsy K. Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Frances H. Del Duca, Faller & Del Duca,* for petitioner.

*Charles Hasson,* with him *Stephen B. Lipson* and *Elsa Newman-Silverstine,* Assistant Attorneys General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 17, 1980:

Claimant Betsy K. Taylor petitions for review of the decision of the Unemployment Compensation Board of Review (board) denying benefits to her under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. 802(e), the willful misconduct disqualification.

Claimant worked for Handy Markets, Inc. (employer) as a cashier-stocker for about a year and a half before her discharge. The board found that claimant had given discounts to fellow employees on their purchases, and had likewise received discounts from co-workers on her own purchases. The board further found that this conduct violated the employer's policy which permitted discounts only to non-profit organizations, and that claimant was aware of that policy. The board noted that the store manager did not join in this particular practice, although other questionable practices were condoned (and joined in) by the manager, and hence were not treated as willful misconduct by the board.

Claimant's own testimony is substantial evidence supporting the board's finding that claimant knew the employer's policy on employee discounts, and that claimant did give discounts to co-workers.[1] Although

---

[1] During cross-examination of claimant by employer's counsel, the following exchange took place:

Q: Now what was the policy? What was the rule, with respect to discounts to employees?

A: Other employees told me that there was no discount.

Q: Other employees were not entitled to discounts?

A: Right.

Q: But you continued to give discounts anyway?

A: I gave discounts to a few of the employees, yes.

Q: And you got discounts from a few of the employees?

A: Yes.

there is testimony to the contrary regarding claimant's awareness of the policy, such conflicts are within the board's domain as factfinder, and we may not supplant the board's resolution with any independent appraisal of our own.

Clearly, claimant's departure from store policy was inimical to the employer's interest and fell short of the standards the employer may rightfully expect of employees. We cannot hold as a matter of law that claimant's conduct was not willful misconduct as that term has been defined in case law. *Lipfert v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 206, 406 A.2d 251 (1979); *Kostik v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 32, 315 A.2d 308 (1974).

Accordingly, we will affirm the board's decision.

### ORDER

AND NOW, this 17th day of October, 1980, the April 19, 1979 decision of the Unemployment Compensation Board of Review, at No. B-171198, is affirmed.