Patricia Lehman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Robert C. Saidis, Saidis* and *Guido,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

Opinion by Judge Craig, March 10, 1981:

In this unemployment compensation appeal, the claimant[1] questions the board's[2] denial of compensation on the ground that her discharge from employment as a cashier resulted from willful misconduct under Section 402(e) of the Unemployment Compensation Law.[3]

The board based its disqualifying conclusion on the finding that "claimant gave discounts to other employees and received discounts from other employees" in violation of company policy.

Claimant attacks that finding as unsupported by the evidence, and also claims that because the record reveals no evidence that claimant *knowingly* gave or received any discount, the above-quoted finding cannot support the legal conclusion of willful misconduct.

The only evidence that claimant gave or received any discount is the internally inconsistent and equivocal testimony of one of claimant's co-workers that claimant had once sold her a package of Contac for $1.50 instead of for the $1.59 marked price, and that claimant had once received a similar discount from her. That same co-worker, however, testified unequivocally at one point that claimant had *never* charged her less than the marked price, and also testified that she could not remember the incident where she gave claimant a discount.

---

[1] Patricia Lehman.

[2] Unemployment Compensation Board of Review.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Because the board is the final arbiter of credibility, and has discretion to resolve conflicts and inconsistencies in the evidence, *Affalter v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 482, 397 A.2d 863 (1979), we must hold that substantial evidence supports the above finding, except insofar as the recitation of "discounts" might be read to encompass more than the one incident of underpricing and the one incident of underpayment which the record supports; the record does not justify reading that finding to imply any course of conduct on claimant's part.

However, we agree with claimant that the board's finding, as supported by the record, does not suffice to establish willful misconduct as a matter of law. The record, including the testimony supporting that finding, is devoid of any evidence that claimant's part in those incidents was a knowing one, and thus compels us to recognize those two incidents as occasions of inadvertence or negligent mistake.

The cases are clear that negligence in itself does not constitute willful misconduct unless it is so recurrent or substantial that it manifests evil design, wrongful intent, culpability, or an intentional and substantial disregard of the employer's interest. *Coleman v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 113, 407 A.2d 130 (1979).

Thus the board erred as a matter of law in disqualifying claimant because of willful misconduct, so that we must reverse.

This case is different from *Taylor v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 287, 420 A.2d 1360 (1980), which involved the same employer and was consolidated with this case before the referee and the board. Our holding against claimant Taylor was based on her admis-

sions that she had given and received discounts knowingly, and the record and context of those admissions justified reading the board's finding to encompass an intentional course of conduct in disregard of the employer's interest and stated policy. Because the evidence here is not susceptible of such a characterization, *Taylor* is not controlling.

This decision must be reversed.

ORDER.

AND Now, March 10, 1981, the November 14, 1979 order of the Unemployment Compensation Board of Review at No. B-171198-B, is reversed, and this case is remanded for computation of benefits.