Joseph B. Regoli, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 19, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Lorraine D. Taylor,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., April 10, 1981:

Joseph B. Regoli (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision disqualifying him from receiving benefits, for failure to comply with reporting requirements under Section 401(b) of the Unemployment Compensation Law.[1]

In October 1978 claimant Regoli began receiving unemployment benefits, and was registered in the Bureau of Employment Security's local office in the East Liberty section of Pittsburgh. However, in late November 1978, the East Liberty office directed the claimant to do his future reporting to the Bureau's local office in New Kensington, which was closer to the claimant's residence.

Despite those instructions the claimant persisted in reporting to East Liberty instead of New Kensington. On December 5, 1978, he failed to report to New Kensington; as a result, he was determined to be disqual-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(b).

ified from benefits for that week. Again, on December 12, he failed to report to the New Kensington office and instead signed at East Liberty. On December 12, 1978, the Bureau issued another determination, this time disqualifying the claimant from benefits indefinitely, for his violation of the reporting requirements of Section 401(b) of the Unemployment Compensation Law and regulations promulgated thereunder.

The claimant appealed those determinations; and a referee's hearing was scheduled for January 9, 1979. The claimant failed to appear. Another hearing was scheduled, for January 31, 1979. Again the claimant failed to appear. The referee entered a decision affirming the Bureau's disqualification of the claimant. The claimant appealed the referee's decision to the Board, and the Board remanded the case to the referee. After reviewing the expanded record the Board affirmed the referee's decision; and the appeal to this Court followed.

In this appeal the claimant argues that under 34 Pa. Code §65.43, a Bureau reporting regulation, he was not required to report to the office nearest his place of residence, but where it was *expedient* for him to report. In so arguing the claimant relies on that part of the regulation which states: "the Bureau may accept applications for benefits, claims, and work registration at any other places which may be advisable and expedient."

However, if the entire of 34 Pa. Code §65.43 is read, it should be instantly apparent that the above quoted language is an exception to the requirement that "applications for benefits, claims, and work registrations shall be filed *at local public employment offices. . . .*" (Emphasis added.)[2] Although this regulation autho-

---

[2] The full text of 34 Pa. Code §65.43 is:

Notwithstanding the provisions of this chapter that applications for benefits claims, and work registrations shall

rizes the Bureau to provide for receiving applications and registrations in places other than public employment offices, it certainly does not empower a claimant to determine where his weekly reporting and filing are to be done or even which public employment office he will use for that purpose. The term ''advisable and expedient'' in the regulation can only mean advisable and expedient *as reasonably determined by the Bureau,* not as determined by the claimant. To construe 34 Pa. Code §65.43 as claimant Regoli urges would spell administrative havoc.

We ascertain nothing unreasonable in the Bureau's directing the claimant to report to an office in his own community and in the labor market to which he was attached. The claimant's explanation of why he violated reporting instructions can hardly stand as an excuse: He stated that he preferred the East Liberty office because he could use a nearby library, and because he thought that *filing* in New Kensington would hinder his efforts to look for work in other surrounding communities.

Because the claimant without valid excuse disregarded regular reporting requirements, he was properly disqualified from receiving unemployment benefits. *Zinicola v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 154, 407 A.2d 474 (1979); *Seibert v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 506, 403 A.2d 1369 (1979). We affirm the Board's order.

ORDER

AND Now, the 10th day of April, 1981, the order of the Unemployment Compensation Board of Review, at

---

be filed at local public employment offices, the Bureau may accept applications for benefits, claims, and work registration at any other places which may be advisable and expedient.

Decision No. B-172483, dated May 23, 1979, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.