**Appeal of Senft from the Decision of the Lower Merion Twp. Zoning Hearing Bd.**

*Catherine M. Harper, John J. Gallagher,* for appellant, Jane Senft.

*Larry J. Folmar,* for intervenor, Township of Lower Merion.

*Robert S. Ryan,* for appellee, Lower Merion Township Zoning Hearing Board.

*David P. Rovner,* for appellee, the Neighborhood Club of Bala Cynwyd.

YOHN, *J.,* September 28, 1983—This is an appeal from the decision of the Lower Merion Township Zoning Hearing Board entered September 21, 1982 denying Jane Senft's application for a special exception to permit her to offer child care services for no more than six children in her home on Bryn Mawr Avenue, Bala Cynwyd, Lower Merion Township, Montgomery County, Pa.

## HISTORY OF THE PROCEEDINGS

Appellant had been providing day care service for children in her home for approximately seven years by the fall of 1981 when she was first cited by Lower Merion Township for maintaining a use not permitted under the applicable R-3 residential district classification in the Township Zoning Code. She was unsuccessful in obtaining a variance from the code to continue the operation after a hearing before the Zoning Hearing Board of Lower Merion Township (hereinafter the board) on November 17, 1981. Appellant then filed an application with the board for a special exception either under §155-11, Subsection F, of the Lower Merion Zoning Code, which permits "private educational institutions" in R-3 residential districts, or under §155-11, Subsection L (as amended 11/4/81), which permits homes in R-3 residential districts to maintain a "professional office or rooms for home occupations."

A public hearing on the petition for special exception was held before the board on July 27, 1982. On September 21, 1982 the board issued its memorandum, findings, opinion and order denying appellant's application for a special exception. Appellant filed notice of appeal to this court on October 19, 1982. The Township of Lower Merion and the Neighborhood Club of Bala Cynwyd both intervened in the action in support of the board.

On October 20, 1982, appellant filed a motion for preliminary injunction to this court seeking to enjoin and restrain the Township of Lower Merion from enforcing its Cease and Desist Order of September 28, 1982 directed to appellant in the operation of her day care service. The Honorable Horace A. Davenport issued the preliminary injunction on October 29, 1982.

The appeal from the decision of the board denying appellant's application for a special exception was heard before this court en banc, Salus and Yohn, JJ, on May 31, 1983. By order dated June 8, 1983, this court reversed the decision of the board and granted appellant's application for a special exception to provide child care services for no more than six children at No. 313 Bryn Mawr Avenue, Bala Cynwyd, as a home occupation under §155-11, Subsection L, of the Lower Merion Township Zoning Code.

## DISCUSSION

In a zoning appeal, where the Court of Common Pleas reviews the decision of the zoning hearing board without taking additional evidence, its scope of review is limited to a determination of whether the board abused its discretion or committed an error of law. Upper Leacock Township Supervisors v.

Zoning Hearing Board of Upper Leacock Township, 481 Pa. 479, 393 A.2d 5 (1978); Pyzdrowski v. Board of Adjustment of City of Pittsburgh, 437 Pa. 481, 263 A.2d 426 (1970). The findings of the board will ordinarily be upheld if supported by substantial evidence. See Section 1010 of the Municipalities Planning Code, 53 Pa. Stat. Ann. §11010; Rabin Corp. v. Board of Supervisors of Lower Paxton Township, 17 Pa. Commw. 386, 332 A.2d 841 (1975). Applying this standard, this court concludes that the board's rejection of Ms. Senft's application was an abuse of discretion and erroneous as a matter of law.

The relevant provisions of the Lower Merion Zoning Code are §155-11, Subsection L and §155-4 as follows:

§155-11 — Use Regulations — states in pertinent part,

"a building may be erected or used and a lot may be used or occupied for any of the following purposes and no other: . . .

L. [Added 11/4/81 as Ord. No. 1971] A pro-professional office or rooms for home occupations, provided that such office or rooms are located in a dwelling in which the practitioner resides or in a building accessory thereto and no goods are publicly displayed on the premises, when authorized as a special exception."

§155-4 states in pertinent part,

"HOME OCCUPATION — Any lawful occupation customarily conducted in a dwelling, an apartment house or an apartment hotel as an incidential use. Two (2) members of the recognized professions related to each other by blood, marriage or legal adoption shall be permitted to practice together in residence districts in the dwelling, apartment house

or apartment hotel where either resides, and as a special exception the Zoning Hearing Board may permit two (2) members of the recognized professions unrelated to each other by blood, marriage or legal adoption to practice together in such districts in the dwelling, apartment house or apartment hotel where either resides, for a single period not exceeding three (3) years in length.

The board summarily disposed of Ms. Senft's home occupation argument in a one-paragraph footnote,* finding that Ms. Senft failed to present evidence that her service was a type that was customarily conducted in a dwelling. Essentially, the board's position is that Ms. Senft's service is a "day care center", and since day care centers are institutional in nature, such an operation cannot be a "home occupation". The characterization of appellant's service as a "day care center" predetermines the outcome and precludes a proper investigation of the exact nature of appellant's day care operation.

The board failed to consider such factors as the size of Ms. Senft's day care service and the nature of the children's activities. The magnitude of a user's operation is relevant in determining compliance with a zoning regulation. See Draving v. Lower Southampton Township Zoning Hearing Board, 40 Pa. Commw. 243, 397 A.2d 54 (1979) at 246. The Draving court held that a ceramic factory was not a

---

*Memorandum Findings Opinion at 5, n.2. "Applicant does not argue that her use is a "home occupation", defined in the Ordinance as an occupation "customarily conducted in a dwelling . . . . as an incidental use . . . " Code §155-4. Miss Senft's use has not been shown to be incidental to a residential use, nor is there any evidence that day-care centers are customarily conducted in a dwelling. Indeed, the board recently approved a day-care center located in a commercial district."

"home occupation", whereas a home hobby of ceramics could be. Therefore it is not the type of service that determines compliance; an assessment of the user's entire operation is required. Accord, Lower Allen Township v. Zoning Board, 23 Pa. D.&C. 3d 694 (1981), aff'd. 71 Pa. Commw. 302, 454 A.2d 685 (1983).

The application under consideration is limited to a maximum of six children. The Pennsylvania Legislature defines a child "day care center" as "any premises operated for a profit in which child day care is provided simultaneously for *seven or more* children who are not relatives of the operator, except such centers operated under social service auspices. 62 P.S. §1001. The legislature has similarly defined a "family day care home" as "any home in which child day care is provided at any one time to *four through six* children who are not relatives of the care giver." 62 P.S. §1070. It is clear from the foregoing and the facts established at the hearing before the board that the applicant operates a family day care home rather than a child day care center.

The board also failed to consider the nature of the childrens' activities — napping, potty-training, snacking and playing. The court takes judicial notice of the customary combination of child care of this type with a home residence and an ordinary and reasonable person would envision it as incidental to a private residence. Therefore, substantive evidence is not required to demonstrate that supervision of these activities is conducted in a home. See, Domeracki v. Humble Oil & Refining Co., 443 F.2d 1245, cert. denied 92 S.Ct. 212, 404 U.S. 883 (3rd Cir. 1971); Seibert v. Unemployment Compensation Board of Review, 44 Pa. Commw. 506, 403 A.2d 1369 (1979).

The record indicates that Ms. Senft was operating a small-scale day care service while supervising the activities of children that customarily take place in a home. The board's decision to reject Ms. Senft's application was an abuse of discretion and erroneous as a matter of law, especially in the light of the cursory dismissal of the "home occupation" claim made by appellants. The decision of the court is consistent with the limited scope of review in zoning appeals. "Whether a proposed use, as factually described in an application or in testimony, falls within a given category specified in a zoning ordinance is a question of law and subject to review on that basis." Crary Home v. DeFrees, 16 Pa. Commw. 181, 329 A.2d 874 (1974) at 184.

Accordingly, our order should be affirmed.