510 A.2d 406

Richard C. Escott, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 29, 1986, to President Judge CRUMLISH, JR. and Senior Judges ROGERS and KALISH, sitting as a panel of three.

*Richard C. Escott, petitioner,* for himself.

*James K. Bradley,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE ROGERS, June 13, 1986:

Richard C. Escott (claimant) filed a petition for review of the order of the Unemployment Compensation Board of Review (Board), affirming a referee's decision denying him benefits on the ground that his unemployment was the result of his willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimant had been employed by Kephart Trucking Company as a truck driver for about a year when on August 17, 1984 he was discharged.

The claimant applied for unemployment compensation benefits and the Office of Employment Security determined that he was ineligible by reason of his willful misconduct and he appealed.

The referee conducted the hearing by telephone. Neither party was represented by counsel. The employer's only witness was Wallace Kephart, president of the trucking company, who testified that the principal reason for the claimant's discharge was that he was sometimes late for work and missed picking up loads and because on August 16, 1984 when he missed picking up a load he did not call in and report it. Mr. Kephart testified that prior to August 16 he had warned the claimant for being late and had once suspended him for a week.

The claimant testified that he was not late in the mornings, that he had missed only two loads, one when his truck broke down and the one on August 16 because he was caught in traffic and tried to call his employer but one number was inoperative and the others were constantly busy. The referee asked both parties if they had anything else to offer. The claimant said no. Mr. Kephart said no, but did restate his reason for discharging the claimant. The referee then asked the claimant if he had any other statements to make. The claimant said: "Uh, yes, if you would like to see my log books, I could show them to you." He asserted that the books would show that he was not given to lateness. The referee did not respond to this offer. After the hearing was concluded the claimant, realizing that the referee had not admitted his log books, called the referee on the telephone and asked that his log books be part of the record. The referee refused this suggestion and later issued a decision denying the claimant's benefits. On appeal the Board affirmed the referee's decision.

The claimant contends that the referee's decision is not supported by the evidence and that the referee erred in not reviewing his log books.

Since Mr. Kephart testifed from his firsthand knowledge, his testimony is competent and supports a finding that the claimant was discharged for lateness. *See Wardlaw v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 477, 387 A.2d 1356 (1978).

However, we agree with the claimant that the refusal of the referee to admit the log books was error. In *Knox v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 588, 591-592, 317 A.2d 60, 62-63 (1974), the late Judge HARRY A. KRAMER wrote: "[i]f the record made . . . would show in any way that the referee had improperly refused to accept relevant

competent and material evidence, then we would have to agree that [the claimant] was deprived of due process of law."

We reverse the order of the Unemployment Compensation Board of Review and remand the record for a new hearing. Jurisdiction is relinquished.

### ORDER

AND NOW, this 13th day of June, 1986, the order of the Unemployment Compensation Board of Review is reversed and the record is remanded for a new hearing. Jurisdiction is relinquished.