DISSENTING OPINION BY
President Judge PELLEGRINI.
Notwithstanding that he was informed that he was required to register within 30 days of making his application on the Car-eerLink website ■ as required by Section 401(b) of the Pennsylvania Unemployment Compensation Law (Law),[1] being given a handbook setting forth the requirement as well as having a reminder sent to him that he was required to register, Peter B. Marshall (Claimant) failed to do so. The majority excuses that noncompliance and agrees with the Unemployment Compensation Board of Review (Board) that Claimant demonstrated “good cause” for failing to timely register. Because I do not believe that there is substantial evidence to *603 support that position, I respectfully dissent.
Claimant filed an application for unemployment compensation (UC) benefits after which the Department sent him a UC Handbook that explained that he was required to register on the CareerLink website within 30 days of the filing of the application and provided instructions on how to do so. Three weeks. later,' the Department, mailed Claimant a letter reminding him of the registration requirement. Because Claimant failed to register for employment search services within 30 days of filing his application for UC benefits, the Department found him ineligible for benefits. After a hearing, the Referee found that although the evidence does not support the conclusion that Claimant successfully registered on CareerLink on or before March 8, 2014, Claimant’s credible testimony established that he believed that he had successfully registered because he was receiving job postings from beyond.com, which Claimant believed was affiliated with Job Gateway, the CareerLink system used by the Department for the work registration requirement. The Board affirmed. The majority agrees with the Board’s case-by-case approach to good cause and holds that the Board’s legal conclusion that Claimant reasonably believed that he registered with the proper entity supports a finding of good cause.
The majority is correct in that Claimant’s failure to timely register pursuant to Section 401(b)(l)(i) of the Law is not a per se violation of the Law and, thus, he is not automatically precluded from UC benefits for his non-compliance, and that a claimant may be excused from a filing requirement if he or she can establish “good cause” for his or her failure to timely comply. However, I disagree with the “relaxed standard” case-by-case approach employed by the Board and accepted by the majority in determining whether a claimant has shown “good cause.”
Although we lack examples of “good cause” as applied to the current version of Section 401(b) of the Law, in the past, this Court denied benefits to a claimant who had disqualified himself under Section 401(b) by failing to comply with its reporting requirements which required claimants to visit the office themselves each week. In Zinicola v. Unemployment Compensation Board of Review, 47 Pa.Cmwlth. 154, 407 A.2d 474 (1979), a claimant relied on his friend at the unemployment office to handle his claim and only irregularly and infrequently visited the office himself. Although the claimant contended that he believed that he was in compliance with the reporting requirements, we held that he had continually disregarded' them by not attending to his claim weekly. Id. at 475. Similarly, in Stanek v. Unemployment Compensation Board of Review, 6 Pa. Cmwlth. 351, 295 A.2d 198 (1972), we denied one week’s benefits where a claimant forgot to report to the unemployment office as scheduled despite the fact that he wrote an explanatory- letter to the office apologizing for his-failure.
In the context of thé late filing of unemployment appeals, wé have held that good cause'is shown when there are extrinsic factors that caused the late filing. See, e.g., Walker v. Unemployment Compensation Board of Review, 75 Pa.Cmwlth. 116, 461 A.2d 346, 347 (1983); Perry v. Unemployment Compensation Board of Review, 74 Pa.Cmwlth. 388, 459 A.2d 1342, 1343 (1983); Tony Grande, Inc. v. Workmen’s Compensation Appeal Board (Rodriquez), 71 Pa.Cmwlth. 566, 455 A.2d 299, 300 (1983). However, this Court has denied relief to claimants for delays when the failure to timely file was caused by the negligence of a claimant or a claimant’s counsel. See, e.g., Puckett v. Department *604 of Transportation, Bureau of Driver Licensing, 804 A.2d 140 (Pa.Cmwlth.2002); Criss v. Wise, 566 Pa. 437, 781 A.2d 1156 (2001).
In this case, it is undisputed that Claimant did not successfully register on Car-eerLink within the 30-day period as prescribed by Section 401(b)(l)(i) of the Law. Claimant testified that he believed that he had registered successfully because he had been receiving job referrals from beyond.com, which he believed was affiliated with Job Gateway, despite possessing the UC Handbook which instructed him otherwise.
The UC Handbook explicitly provided the Job Gateway’s website, not beyond.com, as the website on which Claimant must register to be eligible for UC benefits. Job Gateway is the Department’s job searching system and has a “.gov ” domain name, indicating that it is a governmental website; whereas beyond.com has the more common “.corn” domain name, denoting a commercial website. Nowhere in either of the websites does it suggest that there is a link or affiliation between the two. Finally, although Claimant testified that he is not computer savvy, there is no reason why he failed to register on Job Gateway if he successfully registered on beyond.com.
Moreover, the Department sent Claimant a letter to the correct address reminding him that he had to register. While the Board found .that Claimant never received the Department’s follow-up letter reminding him to register, the letter was not returned as undeliverable. It is presumed that a mailing is received if it is properly addressed and not returned by the postal authorities. See Das v. Unemployment Compensation Board of Review, 41 Pa.Cmwlth. 483, 399 A.2d 816 (1979). Furthermore, a claimant’s vague testimony that he did not receive a mailing does not justify his failure to timely comply with the Law. See Renda v. Unemployment Compensation Board of Review, 837 A.2d 685 (Pa.Cmwlth.2003). The follow-up letter reminded Claimant that he had to register and the UC Handbook explained the registration requirement and how to register on CareerLink.
Claimant failed to satisfy the “good cause” standard because he failed to comply with Section 401(b)’s requirement of registering at the specifically-identified government website, and although he did register at some private website, his failure of registering at the government website was the result of his own negligence. Accordingly, I respectfully dissent.
Judge LEADBETTER joins in this dissenting opinion.

. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended.,- 43- P.S. § 801(b).