Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Dorothy E. Buckley, Appellant.

Argued January 9, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Henry J. Albaugh,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, February 2, 1976:

Dorothy E. Buckley quit her position of office manager for Beaver Falls Candy and Cigar Company on September 25, 1974. She contends that the Unemployment Compensation Board of Review erred in law and fact by declaring her ineligible for unemployment compensation because she produced evidence that her quitting was for a cause or causes of necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Act, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The appellant suffered from gastritis and symptoms of a doudenal ulcer. On September 14, 1974 her physician suggested that she should not continue in her employment. Ms. Buckley decided not to act on her doctor's advice, never advised her employer of it, and did not ask for other duties. During the interval between September 14, 1974 and September 25, 1974, Ms. Buckley's superior asked her to train other persons in the office in her duties as manager so that others than she could perform some of her duties during her absences on vacation. Ms. Buckley agreed. On September 25, 1974 her superior asked Ms. Buckley to take incoming telephone calls. A controversy then ensued and Ms. Buckley quit. At the referee's hearing Ms. Buckley additionally testified that her superior had told her that she was demoted from her position of office manager. The superior testified that he did not tell Ms. Buckley that she was demoted and that nothing he ever did or said was intended to, or did in fact, affect Ms. Buckley's position as office manager or her compensation.

Ms. Buckley seems to contend that a consideration in combination of her doctor's advice to quit for reasons of health and her asserted demotion provided sufficient evidence that she left work for a cause of necessitous and compelling nature.

With respect first to the matter of the appellant's health, the law is that an employee who quits for reasons

of health will not be eligible for unemployment compensation unless he has sought from his employer more compatible work prior to his leaving. *Tollari v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973). Ms. Buckley failed to tell her employer she had been advised to quit, much less to request different duties.

With respect to the demotion, the record is clear that Ms. Buckley agreed to train other employees in some of her duties. Her additional assertion that she was demoted was denied by her employer, whose testimony in this regard was apparently accepted by the referee and the Board. Since Ms. Buckley had the burden of proving that she quit for reasons of a necessitous and compelling nature,[1] our review is to determine whether the fact finders capriciously disregarded competent evidence. We do not think that they did.

Since neither of the reasons asserted for the voluntary quit was a cause of necessitous and compelling nature, we must affirm the Board's determination. We know of no authority, and the appellant has not supplied any, for the proposition that two nonnecessitous and noncompelling causes can equal one cause of necessitous and compelling nature.

ORDER

AND NOW, this 2nd day of February, 1976, it is Ordered that the appeal of Dorothy E. Buckley be and it is hereby dismissed, and that the Order of the Unemployment Compensation Board of Review be and it hereby is affirmed.

---

1. *United States Steel Corporation v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 71, 333 A.2d 807 (1975).