William M. Remington, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 9, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Howard L. Rubenfield,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 30, 1978:

William M. Remington has appealed an order of the Unemployment Compensation Board of Review which affirmed a referee's denial of benefits because Remington had left his employment without cause of a necessitous and compelling nature. *See* Section 402 (b)(1) of the Unemployment Compensation Law

(Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

Remington was employed for approximately eight years as chief engineer for a small radio station located in Corry, Erie County. Remington voluntarily quit his job on July 20, 1976. A referee, after hearing, found that Remington's asserted reasons for quitting were not causes of a necessitous and compelling nature. The Board of Review affirmed and this appeal followed. We affirm.

An unemployment compensation claimant who voluntarily leaves his employment has the burden of proving that his action was for causes of a necessitous and compelling nature. *Aluminum Company of America v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). Remington, who had formed the intention to leave his employment before July 20, 1976, was dissatisfied with many things about what he called "basically . . . an unsuitable job." At the referee's hearing Remington expressed dissatisfaction with his wages, with the fact that as the station's only engineer he was on constant call, with his lack of authority to make purchases of things needed in his work, with the number and variety of the duties imposed on him, with the employer's unwillingness to provide a helper, and with the practice of another employee of opening his, Remington's mail.

Remington's testimony described only his dissatisfaction with the wages, hours and working conditions of his employment. Discontent with one's job is not necessitous and compelling cause for leaving within the meaning of Section 402(b)(1). *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974). Furthermore, Remington's employer adduced evidence at the hearing which tended to show that the wages, hours

and conditions described by Remington were those usually attached to the job of chief engineer of a small radio station. Finally, in *Unemployment Compensation Board of Review v. Buckley*, 23 Pa. Commonwealth Ct. 174, 350 A.2d 885 (1976), we held that multiple causes, none compelling or necessitous, did not in combination become one qualifying cause.

Order affirmed.

ORDER

AND Now, this 30th day of June, 1978, the order of the Unemployment Compensation Board of Review dated October 18, 1977 affirming a referee's denial of benefits to William M. Remington is hereby affirmed.