Veronica L. Baust, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1979, before Judges CRUMLISH, JR., DiSALLE and CRAIG, sitting as a panel of three.

No appearance for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE DiSALLE, December 17, 1979:

Veronica L. Baust (Claimant) appeals to this Court from a decision of the Unemployment Compensation Board of Review (Board) denying her benefits on the basis that she voluntarily terminated her employment without cause of a necessitous and compelling nature.[1] We affirm the Board.

Claimant was employed as a teller at the First National Bank of Upper Keys, Tavernier, Florida, (Em-

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

ployer) from June 10, 1976, through September 10, 1976, at a weekly rate of $112.50. Before moving to Florida, Claimant worked at Philadelphia National Bank in Philadelphia, Pennsylvania (PNB). During this earlier employment Claimant took out a check loan with PNB. On September 7, 1976, PNB requested Employer to act as a collection agent on the loan. At this time five monthly payments were overdue.

Employer's Vice President in Charge of Installment Loans discussed the debt with Claimant. After being reminded of Employer's policy that failure to keep one's debts current was a ground for dismissal, Claimant agreed to bring a payment to work on Friday, September 10, to be forwarded to PNB. This arrangement was predicated on Employer's capacity as PNB's collection agent. However, on September 10, Claimant refused to tender payment to Employer and announced that she could no longer work there. Although Claimant had not voiced such an objection before her resignation, nor requested that she be permitted to make her payments directly to PNB as an alternative arrangement, she now claims that being compelled to make her loan payments to her current Employer was an unreasonable interference with her private affairs. Employer's witness testified that this alternative would have been acceptable if PNB agreed to it. Claimant's argument that this discussion of her debt delinquency and method of payment amount to harassment which forced her to quit is unpersuasive. She fails to understand Employer's role as a collection agent for PNB and instead chooses to interpret the method of collecting payment as an extension of Employer's policy that employes keep all personal debts current or risk termination. This unfortunate confusion of Employer's dual roles in this instance was aggravated by the Vice President's demand for payment and simultaneous reminders from him of the policy on

employe debts. Nevertheless, Claimant never sought any clarification before resigning. It is well-settled that the burden is on Claimant to prove a necessitous and compelling cause for her decision to resign.[2] She has failed to do so. There is no dispute that payments on the loan were overdue or that Employer was acting properly as a collection agent for PNB. Accordingly, we must affirm the Board.

ORDER

AND Now, this 17th day of December, 1979, the Order of the Unemployment Compensation Board of Review, Decision Number B-155937, dated April 6, 1978, is hereby affirmed.

---

[2] *Remington v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 380, 387 A.2d 1343 (1978).