John L. Hostovich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*John L. Hostovich,* petitioner, for himself.

*Gary J. Marini,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, May 13, 1980:

John L. Hostovitch has appealed an order of the Unemployment Compensation Board of Review which affirmed a referee's denial of benefits because Hostovich had left his employment without cause of a necessitous and compelling nature. See Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Hostovich was employed as a receiver by Macke Food Service on June 8, 1978 when, by his own admission, he voluntarily terminated his employment. An unemployment compensation claimant who voluntarily

leaves his employment has the burden of proving that his action was for causes of a necessitous and compelling nature. As our Supreme Court stated in *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 355, 378 A.2d 829, 831 (1977):

> It is now axiomatic in an unemployment compensation case, that the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. Progress Manufacturing Co. Inc. v. Compensation Bd. of Review, 406 Pa. 163, 176 A.2d 632 (1962); Ristis Unemployment Compensation Case, 178 Pa. Super. 400, 116 A.2d 271 (1955); Stillman v. Unemployment Compensation Bd. of Review, 161 Pa. Super. 569, 56 A.2d 380 (1948). The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists. Furthermore, a claimant who alleges that he or she terminated employment for necessitous and compelling reasons, has the burden of establishing the existence of such reasons.

Our examination of the record in this case discloses that Hostovich was dissatisfied with many things incident to his employment, including his wages, his job classification, his nonexistent chance for advancement, and with the fact that he was performing not only his job requirements but some management duties as well. Specifically, Hostovich alleged that he was promised a pay raise and that his employer failed to fulfill that promise.

Discontent with one's job is not a cause for leaving work within the meaning of Section 402(b)(1) of the Act. *Remington v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 380, 387 A.2d 1343 (1978). Likewise, dissatisfaction with wages is not a compelling and necessitous reason for voluntary termination of employment when determining compensation eligibility. *Pfafman v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973). Also, a dissatisfaction with one's work load has been held not to be a requisite compelling and necessitous reason. *Dalesandro v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 482, 333 A.2d 479 (1975).

Also, we must conclude here, as we did in *Unemployment Compensation Board of Review v. Buckley*, 23 Pa. Commonwealth Ct. 174, 350 A.2d 885 (1976), that multiple causes, none compelling or necessitous, do not in combination become one qualifying cause.

Accordingly, we make the following

ORDER

AND Now, this 13th day of May, 1980, the order of the Unemployment Compensation Board of Review, dated September 8, 1978, affirming a referee's denial of benefits to John L. Hostovich, is hereby affirmed.