# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Theodore J. Gallo, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2203 C.D. 2013 |
| | : | Submitted: June 6, 2014 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                           **FILED:  July 18, 2014**


Petitioner Theodore J. Gallo (Claimant) petitions, *pro se*, for review of an order of the Unemployment Compensation Board of Review (Board).  The Board affirmed the Unemployment Compensation Referee's decision, which denied Claimant unemployment compensation benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law),[1] relating to voluntary separation without cause of a necessitous and compelling nature.  For the reasons set forth below, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

Claimant filed for unemployment compensation benefits after voluntarily quitting his position as a part-time utility worker with Robert Morris University (Employer). The Indiana UC Service Center (Service Center) issued a Notice of Determination, finding Claimant ineligible for benefits under Section 402(b) of the Law. (Certified Record (C.R.), Item No. 5.) The Service Center reasoned that Claimant did not satisfy his burden of proof by showing a necessitous and compelling reason for quitting, and, therefore, Claimant was ineligible for benefits. (*Id.*) Claimant appealed the determination, and a Referee conducted an evidentiary hearing.

Claimant testified that he called off from work from May 6, 2013, through May 15, 2013, due to a non-work-related injury. (C.R., Item No. 9 at 8-9.) He testified that on May 15, 2013, he was feeling better and was going to go back to work until he received a text from his supervisor, informing him that he must provide more advanced notice prior to calling off work. (*Id.* at 9.) Claimant testified that he was already upset because Employer promised him that he would be scheduled to work 20 hours per week, but Employer was only scheduling him to work 16 hours. (*Id.* at 7-9.) He testified that he was also upset because he applied for a full-time job position but lost it to his supervisor, who also applied for the job. (*Id.* at 7.) Claimant testified that when he received the text message from his supervisor he got mad, "just gave up on it[,]" and said "find some other . . . a\*\*hole to work your 16 hours a week." (*Id.* at 6, 9.) Following the hearing, the Referee issued a decision and order, affirming the determination of the Service Center, thereby resulting in Claimant's ineligibility for benefits under Section 402(b) of the Law. (C.R., Item No. 10.)

2

Claimant appealed to the Board, and the Board affirmed the Referee's decision and order. In so doing, the Board issued the following findings of fact:

1. The claimant was last employed as a part-time utility worker by Robert Morris University, from November 17, 2011, at a final rate of $13.00 per hour, and his last day of work was May 6, 2013.

2. When the claimant was initially hired, he was a part-time grounds crew employee.

3. In November of 2012, the claimant was laid off.

4. In January of 2013, the claimant returned to work but accepted the position of a part-time utility worker.

5. The claimant was frustrated that he only received 16 hour of work per week.

6. The claimant was off work for health reasons from May 6, 2013, to May 15, 2013, due to an off-duty injury.

7. The claimant's supervisor texted the claimant a message and advised him that he had to give more notice when calling off.

8. The claimant got angry about his supervisor's message and sent a text message to her stating, find some other "a**hole" to work 16 hours.

9. The claimant quit his employment because he was angry about his supervisor's text message.

(C.R., Item No. 14.) The Board reasoned:

Here, the claimant testified that he quit his employment because he was angry about a text message sent by his supervisor. However, the supervisor's text message was not abusive conduct or profanity and did not demonstrate that the claimant was working in an intolerable work environment. The claimant's resentment of his

3

supervisor's criticism was insufficient to show a necessitous and compelling reason for quitting.

(*Id.*) Based upon its factual findings and the reason set forth above, the Board concluded that Claimant was ineligible for benefits pursuant to Section 402(b) of the Law.

Claimant then filed the subject petition for review with this Court. On appeal,[2] Claimant essentially argues that the Board committed an error of law by concluding that Claimant did not prove a necessitous and compelling reason for voluntarily terminating his employment.[3]

Section 402(b) of the Law provides, in part, that a claimant shall be ineligible for compensation for any week in which the claimant's "unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." Whether a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's review. *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 661 (Pa. Cmwlth. 2006). A claimant who voluntarily terminates his employment "bears the burden of proving that necessitous and compelling reasons motivated

---

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[3] In his Petition for Review, Claimant appears to challenge the Board's finding of fact number nine; however, in his brief, Claimant formulates the issue as only whether or not the Board committed an error of law. Thus, the issue for review by this Court will be whether or not the Board committed an error of law. We note, however, that substantial evidence, specifically Claimant's own testimony, exists to support the Board's finding that Claimant "quit his employment because he was angry about his supervisor's text message." (C.R., Item No. 9 at 6, 9.)

4

that decision." *Fitzgerald v. Unemployment Comp. Bd. of Review*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998), *appeal denied*, 794 A.2d 364 (Pa. 1999). To establish cause of a necessitous and compelling nature, a claimant must establish that (1) circumstances existed that produced real and substantial pressure to terminate employment, (2) like circumstances would compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve her employment. *Procito v. Unemployment Comp. Bd. of Review*, 945 A.2d 261, 264 (Pa. Cmwlth. 2008).

"Resentment of a reprimand, absent unjust accusations, profane language or abusive conduct," does not amount to a necessitous and compelling cause. *Lynn v. Unemployment Comp. Bd. of Review*, 427 A.2d 736, 737 (Pa. Cmwlth. 1981). Also, "[d]iscontent with one's job," wages, workload, or chances of advancement do not constitute causes of a necessitous and compelling nature. *Hostovich v. Pennsylvania*, 414 A.2d 733, 735 (Pa. Cmwlth. 1980). Additionally, "multiple causes, none compelling or necessitous, do not in combination become one qualifying cause." *Id*.

Here, the Board found and Claimant admitted that his reason for terminating his employment was because he was angry about the text message that he received from his supervisor. (C.R., Item No. 14; C.R., Item No. 9 at 6.) In the text message, Claimant's supervisor told him that he needs to give more than a day's notice prior to calling off. (C.R., Item No. 9 at 9.) At most, this text message amounts to a reprimand by Claimant's supervisor, and, therefore, does not amount to necessitous and compelling cause for the purposes of the Law.

Notwithstanding the Board's finding, Claimant argues that his reason for terminating his employment was because he did not receive the hours or the

full-time position that he was promised. (Petitioner's Brief at 7.) Even if Claimant's reason for terminating his employment was because he did not receive the hours and full-time position that he was promised, as opposed to him being angry about the text message, it still does not constitute a necessitous and compelling cause under the Law, because Claimant did not present any evidence to show that he made a reasonable effort to preserve his employment prior to quitting. *See Stiffler v. Unemployment Comp. Bd. of Review*, 438 A.2d 1058, 1060 (Pa. Cmwlth. 1982).

For the reasons set forth above, the Board's decision is affirmed.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Theodore J. Gallo,                                    :
                            Petitioner          :
                                                      :
            v.                                        :            No. 2203 C.D. 2013
                                                      :
Unemployment Compensation                :
Board of Review,                              :
                            Respondent         :

# **O R D E R**

AND NOW, this 18th day of July, 2014, the order of Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge