IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary C. Joseph,                          :
                          Petitioner     :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :     No. 1376 C.D. 2015
                          Respondent     :     Submitted: July 8, 2016


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: October 20, 2016


            Mary C. Joseph (Claimant) petitions this Court, pro se, for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) June 24, 2015 order
affirming the Referee's decision denying Claimant UC benefits under Section 402(b)
of the UC Law (Law).[1]  The sole issue before this Court is whether Claimant had a
necessitous and compelling reason for leaving her employment.  After review, we
affirm.

            Claimant was employed as a part-time service representative with Blair,
LLC (Employer), working an average of 26 hours a week from June 16, 2014 through
January 15, 2015.  Claimant's commute to work was approximately one hour.  On
January 12, 2015, Claimant was scheduled for training on Employer's new computer
system.  Although Claimant's supervisor made her aware that training was required,

_____

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(b) (relating to voluntary separation without cause of a necessitous and compelling nature).

Claimant did not attend. Claimant's training was rescheduled, but she again failed to report. Under Employer's new computer system, Employer's guideline for an average service representative call was reduced to seven minutes. Claimant thought it would be difficult to have a seven-minute order with elderly customers and there was no way she could do it. When Claimant finally attended her training session, she was observed using Employer's old system to take her calls. When the trainer reminded Claimant to use the new system, Claimant said she was leaving. Claimant left and did not return to work thereafter. Employer had continuing work available for Claimant.

Claimant applied for UC benefits. On February 24, 2015, the Duquesne UC Service Center found Claimant ineligible for UC benefits under Section 402(b) of the Law. Claimant appealed and a Referee hearing was held. On April 13, 2015, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On June 24, 2015, the UCBR adopted and incorporated the Referee's factual findings and legal conclusions, and affirmed the Referee's decision. Claimant appealed to this Court.[2]

Claimant argues that her one-hour commute, unstable work schedule, numerous tardiness warnings and Employer's new computer system were necessitous and compelling reasons to quit her employment. We disagree. This Court has explained:

> Whether a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's review. A claimant who voluntarily quits his employment bears the burden of proving that

---

[2] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

necessitous and compelling reasons motivated that decision. In order to establish cause of a necessitous and compelling nature, a claimant must establish that (1) circumstances existed that produced real and substantial pressure to terminate employment, (2) like circumstances would compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve her employment.

*Middletown Twp. v. Unemployment Comp. Bd. of Review*, 40 A.3d 217, 227-28 (Pa. Cmwlth. 2012) (citations omitted).

Here, when asked by the Referee "why she is no longer employed by [Employer]," Claimant responded:

> **The job is not as what was anticipated**. When I went there, you know, I thought I could utilize the job; go there and work, come home and that would be fine but it just – a lot of stuff went wrong as far as they were working on the highway. Sandy [Claimant's supervisor] does know this[.] I talked to her about it a lot because they would back up the traffic and they didn't – I'd ask them how much longer before I can, you know, get on my way; I have to punch a time clock or I'm going to lose my job. Well they could not tell me. **The traffic was backed up from June to December** and nobody knew when they were going to be done with that **so it caused me to be late a lot and I knew the rules that if you're tardy enough times eventually it goes to a[n employment] termination**. So I did my best to get there. I have things to do here in Bradford before I go so it's not like I could leave at 8:00 when my shift starts at 10:00. **This is one part that I – that caused me to get a lot of warnings for tardiness**. Then when I would go on break – the clock on the computer was not the same as the clock computer [sic] in the lunch room so I could not tell – I only had 10 minute breaks. I could not tell – it took me a while to get there to go on a break and then the computer – the time clock was wrong so I could not – I didn't even -- I was late a lot and I – you can't have you[r] cell phone so I couldn't use that which would have been the most accurate one and the parking – walking from the parking [lot] was a long distance which was not bad but when I was late being in a car jam I had to hurry getting to the – to my desk and

3

it's a long distance. So that all was all in [sic] just jeopardizes [sic] the tardiness [inaudible]. **I kept getting warnings**. Then I mentioned this to a supervisor and they did tell me I could put my timer on on [sic] the telephone and I tried that but it still didn't work because I had the timer on the other phone; I don't even think there was one so that wouldn't work. [sic] So that was – **it's a very unreasonable distance to work with one hour getting there and coming back and having my hours decreased to 20 hours**. So that was a very unreasonable distance with the hours I worked. So that was my other – so I just – I said to myself I need to go home and I need to -- I did start looking for a job and it just – I just kept – **they started a new program**; they were training me on it and, you know, as [inaudible] do it and it just – everything like I just said to myself I don't know if 20 hours a week doing this – they told me they only wanted me – they wanted orders taken in seven minutes. You can't take an order in seven minutes when you talk to the elderly because they had [sic] a hard time hearing you. There's no way, you know. **So I just had told them I need to go home and I need to figure out what I'm going to do from here because this just isn't working for me**. That's what I said. **I just walked out** [inaudible] **and I said that I was going to go home and decide now what I was going to do about – as far as getting another job. That's pretty much everything**. **That's why I said the job was not the same as what it was anticipated**. [sic] That was my [inaudible] and then the unreasonable distance to work with the hours I was working. An increase and [sic] work related travel expense which I have a lot of that too now.

Notes of Testimony April 3, 2015 at 7-8 (emphasis added).

Pennsylvania law is clear that "[m]ere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment." *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review,* 906 A.2d 657, 660 (Pa. Cmwlth. 2006). "Further, the fact that a job is not guaranteed does not amount to cause of a necessitous and compelling nature to justify a quit." *Nolan v. Unemployment Comp. Bd. of Review,* 797 A.2d 1042, 1046 (Pa. Cmwlth. 2002). Moreover, "multiple

4

causes, none compelling or necessitous, do not in combination become one qualifying cause." *Hostovich v. Unemployment Comp. Bd. of Review,* 414 A.2d 733, 735 (Pa. Cmwlth. 1980). Accordingly, Claimant's dissatisfaction with her commute and Employer's new computer system as well as her concern about being fired due to tardiness are not necessitous and compelling reasons for leaving her employment such that she would be entitled to UC benefits.

For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary C. Joseph, :
                   Petitioner :
                              :
               v. :
                              :
Unemployment Compensation :
Board of Review, : No. 1376 C.D. 2015
                   Respondent :


## O R D E R


AND NOW, this 20th day of October, 2016, the Unemployment Compensation Board of Review's June 24, 2015 order is affirmed.


_____
ANNE E. COVEY, Judge