IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denise Minton,                        :

             Petitioner         :

                            :

       v.                      :

                            :

Unemployment Compensation   :

Board of Review,             :   No. 815 C.D. 2022

            Respondent   :   Submitted: May 7, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED:  June 3, 2024

Denise Minton (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) July 8, 2022 order affirming the Referee's decision that denied Claimant UC benefits under Section 402(b) of the UC Law (Law).[1]  Claimant presents one issue for this Court's review: whether the UCBR erred by affirming the Referee's decision and finding Claimant ineligible for benefits under Section 402(b) of the Law.  After review, this Court affirms.

On October 5, 2020, Heartland Employment Services, LLC (Employer) hired Claimant as a full-time Executive Director.  Claimant last worked for

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (relating to leaving work without cause of a necessitous and compelling nature).

Employer in October or November of 2021.[2]  On October 10, 2021, Claimant applied for UC benefits.  On February 18, 2022, the Duquesne UC Service Center determined that Claimant was ineligible for UC benefits under Section 402(b) of the Law.  Claimant appealed from the UC Service Center's determination.  On April 28, 2022, the Referee held a hearing.  On May 3, 2022, the Referee affirmed the UC Service Center's determination.  Claimant appealed to the UCBR.  On July 8, 2022, the UCBR affirmed the Referee's decision.  Claimant appealed to this Court.[3]

Claimant argues that several issues led to her resignation, including issues with the staff, a hostile client, and Employer's fraudulent behavior.  Claimant asserts that she attempted to resolve these issues with Employer, but she was rebuffed.  The UCBR rejoins that the UCBR expressly found that Claimant's ultimate reason for voluntarily quitting her job was Employer's alleged criticism of Claimant's lifestyle and her car; however, the UCBR found Employer's Regional Director Jennifer Drescher's (Drescher) testimony credible that she expressed no such criticism to Claimant.

> Section 402(b) of the Law provides, in relevant part, that an employee shall be ineligible for UC benefits for any week "[i]n which h[er] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]"  43 P.S. § 802(b).  This Court has explained:
>
>> The claimant has the burden of proving that [s]he had a necessitous and compelling cause for voluntarily terminating [her] employment.  *PECO*

---

[2] Claimant testified that her last day worked was October 5, 2021.  *See* Certified Record (C.R.) at 72.  However, Employer's witness, Jennifer Drescher, related that Claimant's last day worked was November 2, 2021, which followed Claimant's 30-day notice.  See C.R. at 73.

[3] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the agency's practices or procedures were violated, or whether the findings of fact were supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

> *Energy Co. v. Unemployment Comp. Bd. of Rev*[.],
> 682 A.2d 58, 60 (Pa. Cmwlth. 1996). A
> necessitous and compelling cause is that which
> "results from circumstances which produce
> pressure to terminate employment that is both real
> and substantial, and which would compel a
> reasonable person under the circumstances to act
> in the same manner." *Taylor v. Unemployment
> Comp. Bd. of Rev*[.], . . . 378 A.2d 829, 832-33
> ([Pa.] 1977). **To meet this burden**, **the claimant
> must generally demonstrate that [s]he took "all
> necessary and reasonable steps to preserve the
> employment relationship**." *PECO Energy Co.*,
> 682 A.2d at 61.
>
> *St. Clair Hosp. v. Unemployment Comp. Bd. of Rev.*, 154
> A.3d 401, 404-05 (Pa. Cmwlth. 2017) (*en banc*) (emphasis
> added).

*Mroz v. Unemployment Comp. Bd. of Rev.*, ___ A.3d ___, ___ (Pa. Cmwlth. No. 1028 C.D. 2020, filed April 19, 2024), slip op. at 2-3.

"Mere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment." *Brunswick Hotel & Conf. Ctr., LLC v. Unemployment Comp. Bd. of Rev.*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). Further, "personality conflicts, absent [an] intolerable working atmosphere . . . do not amount to necessitous and compelling causes." *First Fed. Savings Bank v. Unemployment Comp. Bd. of Rev.*, 957 A.2d 811, 816 (Pa. Cmwlth. 2008) (quoting *Lynn v. Unemployment Comp. Bd. of Rev.*, 427 A.2d 736, 737 (Pa. Cmwlth. 1981)). Moreover, "multiple causes, none compelling or necessitous, do not in combination become one qualifying cause." *Hostovich v. Unemployment Comp. Bd. of Rev.*, 414 A.2d 733, 735 (Pa. Cmwlth. 1980).

Here, at the beginning of the hearing, Claimant testified:

> R[eferee:] Okay, [] [Claimant], I'll certainly give you the
> opportunity to expand on this. But can you just give a one
> sentence explanation as to why you did quit?

3

C[laimant:] I felt that I was being treated -- I was being called a racist by the employees[ and] reported it to Human Resources numerous times. I was forced to go to a hospital, to a family that was very hostile towards me by [] Drescher. And then [] Drescher had decided to discharge somebody who was actually in the facility three days earlier. Then [the patient] left and passed away. The same problems later on [sic]. And I felt since Medicare was involved in that with home health visits and hospice visits through those days, that she should have -- [the patient] was in the building, that I was -- it was a Medicare issue, and I didn't want [to be] involved in any Medicare fraud or any Medicare issues. I didn't need any future problems with my license or my working again, and I felt very threatened in the environment because I was told that I was considered a racist because of where I live, the car I drive. I drive a Mercedes. And I just have too nice of a car. My lifestyle wasn't congruent to working with the staff. And I just felt very threatened that this all happened.

Certified Record (C.R.) at 73.

After expounding on the aforementioned issues, Claimant related:

R[eferee:] Was there one of these issues that was the final straw or final issue that caused you to quit?

C[laimant:] The final issue was when I was told that we had to do the discharge and that we're not -- well, no. **What made me quit**, to be perfectly honest, **was being told that it was my lifestyle and the car I drive**.

R[eferee:] Okay. So[,] **had that not happened**, **would you still have quit**?

C[laimant:] **Probably not**, because I was [sic] a fighter. But I couldn't just come home and sell my home and get rid of my car, just to work a job.

C.R. at 82 (emphasis added).

The Referee questioned Drescher regarding Claimant's final issue:

R[eferee:] All right. I just want to be clear. [] Claimant did testify that she had this discussion with you on October 7th. Part of it included that her lifestyle was problematic,

4

and she said that you said you need – [] Claimant needed to change that if she wanted to survive. And you said you don't recall any conversation. You don't recall any conversation, not just on October 7th, but at any time, about changing her car or her lifestyle?

[Drescher:] Absolutely not.

C.R. at 84.

The law is well established that "[t]he [UCBR] is the ultimate finder of fact; questions regarding the weight of evidence and witness credibility are solely within its province." *Lowman v. Unemployment Comp. Bd. of Rev.*, 235 A.3d 278, 286 n.8 (Pa. 2020). Here, the UCBR adopted the Referee's findings of fact and conclusions of law. Further, the UCBR opined:

> [C]laimant argues that she resigned from her employment because [] [E]mployer inappropriately discharged a patient, and she was not comfortable with that action. At the Referee hearing, [] [C]laimant testified that she resigned from her position for multiple reasons, but she testified that [] [E]mployer's criticism of her lifestyle and her car was the ultimate reason. [] [E]mployer's witness testified that there was no such criticism expressed to [] [C]laimant. Moreover, although [] [C]laimant testified that [] [E]mployer improperly discharged a patient, [] [E]mployer's witness testified that that was not the case. The [UCBR] resolves the conflicts in the testimony, in relevant part, in favor of [] [E]mployer and finds its testimony to be credible. Personality conflicts with supervisors or coworkers, absent an intolerable work atmosphere, [are] not a necessitous and compelling reason to quit. For these reasons, [] [C]laimant is ineligible for [UC] benefits under Section 402(b) of the [] Law.

C.R. at 35-36. This Court discerns no error in the UCBR's reasoning. Because Claimant did not meet her burden of proving that she had a necessitous and compelling reason for voluntarily terminating her employment, Claimant is ineligible for UC benefits under Section 402(b) of the Law.

5

For all of the above reasons, the UCBR's order is affirmed.


_____.
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denise Minton,                       :
                Petitioner       :
                            :
          v.                 :
                            :
Unemployment Compensation    :
Board of Review,             :    No. 815 C.D. 2022
              Respondent    :

## O R D E R

AND NOW, this 3rd day of June, 2024, the Unemployment Compensation Board of Review's July 8, 2022 order is affirmed.

 

_____
ANNE E. COVEY, Judge